JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant James Tomlinson ("appellant") appeals various decisions of the Cuyahoga County Court of Common Pleas. For the reasons stated below, we affirm.
 I. {¶ 2} This case is the result of an investigation by the Cuyahoga County Sheriff's Department, specifically Detective Jackson ("Jackson"), and the City of Euclid Police Department, specifically Detective Janovics ("Janovics"), involving the sale of crack cocaine by an individual known as "RuRu" from a residence located in the city of Cleveland[1] On July 18, 2002, a police informant ("informant") made a controlled purchase within the residence from the appellant. The transaction was monitored and recorded.
 {¶ 3} On July 23, 2002, a search warrant for the residence was obtained. Upon entering the home, police found over 150 grams of crack cocaine, over 140 grams of powder cocaine, a .25 caliber automatic pistol, $5,421 cash, scales, and other implements used in the preparation of crack cocaine. Also in the home were co-defendant Ms. Adrian Benjamin ("Benjamin") and the couple's minor children.
 {¶ 4} On September 13, 2002, the Cuyahoga County Grand Jury indicted appellant on seven counts. The counts included count one, possession of crack cocaine in violation of R.C. 2925.11; counts two and three, drug trafficking in violation of R.C.2925.03; count four, possession of drugs with a major drug offender specification; count five, drug trafficking with major drug offender, schoolyard and juvenile specifications; count six, possession of criminal tools in violation of R.C. 2923.24; and count seven, illegal manufacturing of drugs in violation of R.C.2925.04.
 {¶ 5} On June 19, 2003, trial commenced.[2] Prior to swearing in the jury, the trial court heard several previously filed motions, including appellant's motion to suppress, motion for disclosure of the CRI, and motion for continuance of trial. Appellant claimed the affidavit that accompanied the search warrant for his residence was insufficient. The court disagreed and denied appellant's motion to suppress, finding, in part, that the police had information regarding drug activity from the residence and that a controlled buy had taken place therein.
 {¶ 6} Appellant also moved for the disclosure of the identity of the informant. The court denied appellant's request without opinion. Lastly, appellant sought a continuance of trial due to alleged unpreparedness of trial counsel. The reason for the unpreparedness was confusion as to whether appellant had previously retained counsel. Again, the trial court denied appellant's motion without opinion.
 {¶ 7} Following voir dire and empaneling of the jury, appellant moved for severance of the trial. It was around this time that appellant's counsel became aware that counsel for Benjamin intended to direct responsibility for the drug activity onto appellant. The court denied appellant's motion, citing its untimeliness and the fact that the jury had been empaneled.
 {¶ 8} Following the state's case-in-chief, appellant moved from dismissal of the charges pursuant to Crim.R. 29. This motion was granted only in relation to the schoolyard specification. The jury found appellant guilty of counts one through five and not guilty of counts six and seven. Benjamin was acquitted of all charges. Appellant then proceeded to sentencing.
 {¶ 9} On July 30, 2003, a sentencing hearing was held, wherein the trial court sentenced appellant to ten years on each count, to be served concurrently. Counts four and five were mandatory terms due to the excessive amount of cocaine. By agreement of all counsel, the court imposed an additional one-year term on the major drug offender specification.
 {¶ 10} It is from his conviction and sentence that appellant advances six assignments of error for our review.
 II. {¶ 11} In his first assignment of error, appellant argues that "the trial court erred in denying [his] motion to sever as the joinder of defendants at trial was prejudicial." Appellant's assignment of error is without merit.
 {¶ 12} A motion to sever the trial of co-defendants is governed by Crim.R. 14, which states in relevant part:
"If it appears that a defendant * * * is prejudiced by ajoinder of offenses or of defendant in an indictment,information, or complaint, or by such joinder for trial togetherof indictments, informations or complaints, the trial court shallorder an election or separate trial of counts, grant a severanceof defendants, or provide such other relief as justice requires.* * * "
 {¶ 13} This rule must be read in conjunction with Crim.R. 12(C)(5), which provides the timing of certain motions. It reads:
"Prior to trial, any party may raise by motion any defense,objection, evidentiary issue, or request that is capable ofdetermination without the trial of the general issue. Thefollowing must be raised before trial:
 (5) Requests for severance of charges or defendants underCrim.R. 14."
 {¶ 14} Pre-trial motions set forth under Crim.R. 12, including those for severance, shall be made "within thirty-five days after arraignment" or "seven days before trial, whichever is earlier." Crim.R. 12(D). The court may extend the time in the interests of justice. Id. The failure to grant or deny a motion for severance is reviewed upon an abuse of discretion standard.State v. Torres (1981), 66 Ohio St.2d 340. Abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary or unconscionable. Id.
 {¶ 15} In the case sub judice, appellant argues that the confusion as to whether appellant had retained counsel resulted in counsel's failure to discuss the case with Benjamin's counsel prior to trial. Although appellant states he had filed a motion for severance well before trial, we cannot find evidence of same in the record.[3] Appellant argues that as a result of the court's failure to sever the cases, he suffered prejudice. We disagree.
 {¶ 16} Appellant waited until jury voir dire had concluded and trial had entered its second day to request a continuance. This is clearly untimely. If appellant had, in fact, filed the motion for severance earlier in the case, he had numerous opportunities to raise the pending motion for severance before the court, but elected not to do so. Foremost of those opportunities came while the court was addressing appellant's pre-trial motions.
 {¶ 17} After denying appellant's motion to suppress and motion for disclosure of the informant's identity, the court asked whether there were additional concerns. Although appellant raised his motion for continuance, nothing was raised regarding severance. The trial court's denial of appellant's subsequent request for severance was not an abuse of discretion.
 {¶ 18} Appellant's first assignment of error is overruled.
 III. {¶ 19} In his second assignment of error, appellant argues he was "improperly prohibited from challenging the * * * informant's credibility, in violation of appellant's constitutional right to confront and cross-examine the principal witness against him." We disagree.
 {¶ 20} A defendant is entitled to disclosure of an informant's identity only where the informant's testimony is either: (1) vital to establishing an essential element of the offense charged, or (2) helpful or beneficial to the accused in preparing a defense. State v. Wilson (Jan. 15, 2004), Cuyahoga App. No. 82155, 156 Ohio App.3d 1, 2004-Ohio-144. If the informant's degree of participation is such that the informant is essentially a state's witness, the balance tilts in favor of disclosure. However, when disclosure is not helpful to the defense, the state need not reveal the identity. The question of disclosure of an informant becomes a balancing of competing interests: the defendant's right to confront his accusers, and the state's right to preserve the anonymity of informants. Id.
 {¶ 21} We review the trial court ruling denying a motion to reveal the identity of an informant under an abuse of discretion standard. State v. Richard (Dec. 7, 2000), Cuyahoga App. No. 76796. As stated above, an abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary or unconscionable. Id.
 {¶ 22} Appellant bore the burden of establishing the need for disclosure of the informant's identity. He argues that the informant was the only witness to the events from which he is charged and, therefore, must be subject to the rights of confrontation and cross-examination.[4] Further, appellant argues the court compounded this error by permitting Janovics to testify to the events he heard during surveillance, but did not see. Appellant argues his testimony amounted to hearsay. We are unpersuaded by appellant's arguments.
 {¶ 23} The controlled purchase was recorded and monitored in its entirety. The informant was kept under constant surveillance before entering and leaving the home and upon returning to police. Following the playing of the surveillance tapes to the jury, Janovics detailed the surveillance process and transaction that took place. He was asked, "And based on all your monitoring and surveillance of everything that goes on in this, do you know how this buy takes place?" Janovics responded, "Yes, I do." Janovics then proceeded to detail what he heard on the tape.
 {¶ 24} The evidence found in the home was such that the jury could have found appellant guilty of the offenses charged despite the absence of the informant's identity. Janovics testimony was largely descriptive of what was heard on the tapes. Also, his testimony was supported by previously admitted evidence. Appellant was identified prior to the purchase taking place; identified as being in the residence at the time of the controlled purchase; his voice was identified as being heard on the surveillance tapes; and his identity was established in the courtroom. Appellant has failed to show that disclosure of the informant's identity would have benefitted his defense. The trial court did not err by denying appellant's motion to disclose the informant's identity.
 {¶ 25} Appellant's second assignment of error is overruled.
 IV. {¶ 26} In his third assignment of error, appellant argues that "the trial court erred when it failed to order a mistrial after testimony relating to [his] criminal history was repeatedly allowed before the jury." This argument is without merit.
 {¶ 27} In general, an appellate court will not consider any error which the appellant could have called, but failed to call, to the trial court's attention at a time when the error could have been avoided or corrected by the trial court. State v.Byrd (1987), 32 Ohio St.3d 79. Although a party fails to raise an objection at trial, Crim.R. 52(B) provides that: "Plain error or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."
 {¶ 28} Plain error exists only when, but for the error, the outcome of the trial would clearly have been otherwise. State v.Nicholas (1993), 66 Ohio St.3d 431, 436. We invoke the plain error rule only if we find that the court denied an appellant a fair trial, that the circumstances in the case are exceptional, and that reversal of the judgment is necessary to prevent a manifest miscarriage of justice. State v. Reid, Cuyahoga App. No 83206, 2004-Ohio-2018.
 {¶ 29} Appellant argues that Janovics and Jackson offered "gratuitous information to the jury regarding the fact that they knew [him] from prior criminal cases."[5] Specifically, appellant cites to Janovics' testimony that he knew appellant from a prior drug case; Janovics identification of appellant in the courtroom from the tape of the controlled buy; and Jackson's testimony that police used the SWAT unit to enter the premises because he knew appellant and "did not want to take any chances." It is from these and other examples that appellant requests this court declare a mistrial. In the alternative, appellant asks we find the court erred by failing to instruct the jury that evidence of prior conduct was inadmissable to show he acted in conformity therewith. Despite appellant's assertions on appeal, we find that appellant failed to raise these objections at trial. Therefore, they are waived.
 {¶ 30} Appellant first argues that Janovics' testimony regarding his knowledge of appellant from a previous case was improper.[6] However, our review of the record reveals appellant's failure to raise an ojection on this point. Secondly, appellant addresses Janovics in-court identification of appellant from the tape of the controlled buy.[7] However, no objection was made. On cross-examination, Janovic testified that he knew appellant from the past, but the court sustained appellant's objection. Lastly, appellant argues it was improper for Jackson to testify that SWAT was required because the officer stated, "we didn't want to take any chances."[8] Again, our review of the transcript reveals the appellant failed to object.
 {¶ 31} Under the circumstances of this case, the errors advanced by appellant do not rise to the level of plain error. We do not find that the references to the state's knowledge of appellant was so prejudicial that our reversal of appellant's conviction is necessary to prevent a manifest miscarriage of justice.
 {¶ 32} Appellant's third assignment of error is overruled.
 V. {¶ 33} In his fourth assignment of error, appellant argues that "the convictions for possession and trafficking were against the manifest weight of the evidence." We disagree.
 {¶ 34} Manifest weight concerns whether the jury lost its way creating a manifest miscarriage of justice. State v. Thompson
(1987), 78 Ohio St.3d 380. "Judgments supported by some competent credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." Whatley v. Tokheim Corp.
(Jan. 30, 1986), Cuyahoga App. No. 49407, citing C.E. Morris v.Foley Construction Co. (1978), 54 Ohio St.2d 279. The credibility of witnesses and the weight given to their testimony are primarily matters for jury. State v. DeHass (1967),10 Ohio St.2d 230.
 {¶ 35} Possession may be actual or constructive. State v.Haynes (1971), 25 Ohio St.2d 264. To establish constructive possession, the evidence must demonstrate the defendant was able to exercise dominion or control over the item. State v. Wolery
(1976), 49 Ohio St.2d 316. We have found that usable drugs within a close proximity to a defendant may constitute circumstantial evidence and support the conclusion that the defendant had constructive possession. State v. Barr (Jan. 28, 1993), Cuyahoga App. No. 61361.
 {¶ 36} Appellant argues the state failed "to present reliable, credible evidence which would have allowed the jury to determine that [he] was the person who possessed the crack cocaine and sold some to the informant." Appellant finds error in allowing police to testify about events they did not personally witness. Specifically, appellant argues Janovic's assertion that "the suspect [appellant], then removes from the drop ceiling of the kitchen a bag containing crack cocaine," was inappropriate. Also, appellant questions Janovics' identification of appellant's voice from the tape of the controlled buy without any foundation for authentication. Lastly, appellant argues that he did not live in the residence, but was only there because he was sleeping with Benjamin. We find that there exists competent credible evidence going to all the essential elements of the case and therefore affirm the convictions.
 {¶ 37} The totality of the evidence in this case supports the conclusion that appellant had constructive possession of the cocaine. Although the officers were not present in residence at the time of the purchase, the activities were recorded and played for the jury. The tapes were properly authenticated and appellant was identified prior to the controlled purchase. The police monitored the informant's locations at all times, verified the cell phone number called by the informant was appellant's, and that appellant was present where the drugs were found.
 {¶ 38} The jury heard the testimony and weighed its credibility. "Since circumstantial evidence and direct evidence are indistinguishable so far as the jury's fact-finding function is concerned, all that is required of the jury is that it weigh all of the evidence, direct and circumstantial, against the standard of proof beyond a reasonable doubt. Nothing more is be required of a factfinder." State v. Jenks (1991),61 Ohio St.3d 259. In the case sub judice, the jury did not clearly lose its way in convicting appellant.
 {¶ 39} Appellant's fourth assignment of error is overruled.
 VI. {¶ 40} In his fifth assignment of error, appellant argues that "the trial court erred in denying [his] Crim.R. 29 motion for acquittal on the charges of possession and trafficking [sic] the evidence was insufficient to support the conviction." We disagree.
 {¶ 41} The Ohio Supreme Court has established the applicable standard for determining whether a conviction is supported by sufficient evidence:
"The relevant inquiry is whether, after reviewing the evidencein a light most favorable to the prosecution, any rational trierof fact could have found the essential elements of the crimeproven beyond a reasonable doubt."
 {¶ 42} State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 43} Appellate review of the trial court's determination is limited to whether there is sufficient probative evidence to support the trier of fact's finding as a matter of law. State v.Thompson (1987), 78 Ohio St.3d 380, 386. It is recognized that the trier of fact is in a far better position to evaluate the testimony of witnesses than a reviewing court. State v. DeHass
(1967), 10 Ohio St.2d 230.
 {¶ 44} Appellant argues the state failed "to prove the identification element of possession and trafficking." We have already discussed the circumstantial evidence upon which appellant's convictions are based.[9] In such a situation, there is no requirement that the evidence must be irreconcilable with any reasonable theory of innocence in order to support a conviction. Jenks, supra. We find that there was sufficient evidence upon which the jury could have concluded all the elements of the offenses had been proven beyond a reasonable doubt.
 {¶ 45} Appellant's fifth assignment of error is overruled.
 VII. {¶ 46} In his sixth assignment of error, appellant argues that "the trial court improperly sentenced appellant to the maximum sentence for counts one, two and three where the record does not support he [sic] court's findings pursuant to R.C.2929.14." While we agree that the court erred, we affirm the sentence imposed as the error was harmless.
 {¶ 47} Appellant argues that the court failed to set forth findings under R.C. 2929.14(C). Specifically, he argues the court failed to find that his actions were the worst form of the offense or that he posed the greatest liklihood of recidivism. Although the trial court has broad discretion in sentencing, the failure of the court to sufficiently state its reasons on the record constitutes reversible error. State v. Gray (2001),141 Ohio App.3d 194.
 {¶ 48} In the case sub judice, the court sentenced appellant as follows:
" * * * Count one of the indictment, which is the possessioncharge, a felony of the first degree, I will sentence you to tenyears * * * On Count 2, which is drug trafficking, these aremandatory sentences, so it's mandatory ten years on Count 2;Count 3 is also ten years; and Count 4 is ten years, plus oneyear for the MDO spec which the parties have agreed to. On Count5 it's ten years plus the one year, mandatory drug offender — ordrug offender specification. And so, therefore, in that case yoursentence will be eleven years."
 {¶ 49} Appellant argues that on counts one through three, the court had discretion in sentencing appellant and therefore erred by not setting forth the statutorily mandated findings when sentencing him to the maximum ten years.
 {¶ 50} The state acknowledges that the court failed to set forth any reasons for the imposition of ten-year terms on counts one through three. However, the error is harmless, as appellant was also found guilty of the mandatory ten-year sentence following his conviction of possession with a major drug offender specification. We agree.
 {¶ 51} The ten-year sentence on the possession with a major drug offender specification is mandatory. R.C. 2925.11(C)(4)(f). As the trial court ran the sentences concurrent, the resulting sentence is 11 years, regardless of the sentences imposed on counts one through three. Appellant can show no ill effects from the court's error in sentencing.
 {¶ 52} Appellant's sixth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Corrigan, A.J., and Blackmon, J., concur.
[1] It was established during trial that "RuRu" is appellant. The residence was located within the city of Cleveland, just across the border from neighboring Euclid, Ohio.
[2] Appellant and Benjamin were tried together.
[3] For the sake of discussion in this assignment of error, we will assume the motion was, in fact, filed.
[4] At oral argument, appellant submitted the recent United States Supreme Court decision in Crawford v. Washington (2004),124 S.Ct. 1354, in support of his argument. ("The Confrontation Clause, providing that accused has right to confront and cross-examine witnesses against him, applies not only to in-court testimony, but also to out-of-court statements introduced at trial, regardless of admissibility of statements under law of evidence." Id. at fn. 2. Having reviewed the decision, we findCrawford inapplicable under the facts and circumstances of this case.
[5] Appellant argues at least eight separate incidences where the officers provided inappropriate inferences of prior criminal conduct to the jury. However, only three are specifically argued.
[6] Tr. 151.
[7] Tr. 163, 174.
[8] Tr. 245.
[9] See sections I and V of this opinion.