JOURNAL ENTRY AND OPINION
{¶ 1} On July 29, 2005, James Tomlinson, pursuant to App.R. 26(B), applied to reopen this court's judgment in State v. Tomlinson, Cuyahoga App. No. 83411, 2004-Ohio-3295, which affirmed his convictions and sentences for drug possession and trafficking. On September 7, 2005, the State of Ohio filed its brief in opposition. For the following reasons, this court denies the application.
 {¶ 2} App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within ninety days from journalization of the decision unless the applicant shows good cause for filing at a later time. In the instant case this court journalized its decision on July 6, 2004. The July 29, 2005 application was filed over a year after this court's decision. Thus, it is untimely on its face. In an effort to establish good cause, Tomlinson argues (1) that his appellate counsel did not make the record available to him despite repeated requests, (2) that his counsel gave him incorrect advice concerning the deadline for an App.R. 26(B) application, (3) that his counsel did not inform him that the Ohio Supreme Court had declined to accept his case until four months after the fact, and (4) that his appellate counsel negligently failed to raise meritorious issues.
 {¶ 3} However, these excuses do not establish good cause under App.R. 26(B). This court has repeatedly held that difficulty in obtaining the transcript does not constitute good cause. In State v. Towns (Oct. 23, 1997), Cuyahoga App. No. 71244, reopening disallowed (May 4, 2000), Motion No. 6308, the applicant endeavored to show good cause for untimely filing by arguing that his counsel was uncooperative and refused to send him any documents concerning the case. This court rejected that argument, ruling that "being a layman and experiencing delays in obtaining records related to one's conviction are not sufficient bases for establishing good cause for untimely filing of an application for reopening." (Slip Op. at 3.) See, also, State v. Bussey (Dec. 2, 1999), Cuyahoga App. No. 75301, reopening disallowed (Aug. 8, 2000), Motion No. 16647; City of Newburgh Heights v. Chauncey (Aug. 26, 1999), Cuyahoga App. No. 75465, reopening disallowed (Oct. 20, 2000), Motion No. 17839;State v. Blackmon (July 18, 1985), Cuyahoga App. No. 48787, reopening disallowed (Oct. 25, 2000), Motion No. 18768; State v. Sanchez (June 9, 1994), Cuyahoga App. No. 62796, reopening disallowed (Aug. 16, 2001), Motion No. 23717; and State v. Chandler (Mar. 5, 1992), Cuyahoga App. No. 59764, reopening disallowed, (Aug. 13, 2001) Motion No. 24366 — counsel's delays in sending applicant the transcript and refused access to parts of the transcript did not state good cause.
 {¶ 4} Similarly, misplaced reliance on counsel and counsel's inaction do not state good cause. In State v. Lamar (Oct. 15, 1985), Cuyahoga App. No. 49551, reopening disallowed (Nov. 15, 1995), Motion No. 63398, this court held that lack of communication with appellate counsel did not show good cause. Also in State v. White (Jan. 31, 1991), Cuyahoga App. No. 57944, reopening disallowed (Oct. 19, 1994), Motion No. 49174 andState v. Allen (Nov. 3, 1994), Cuyahoga App. No. 65806, reopening disallowed (July 8, 1996), Motion No. 67054, this court rejected reliance on counsel as showing good cause. In State v. Rios (1991),75 Ohio App.3d 288, 599 N.E.2d 374, reopening disallowed (Sept. 18, 1995), Motion No. 66129, Rios maintained that the untimely filing of his application for reopening was primarily caused by the ineffective assistance of appellate counsel; again, this court rejected that excuse. Cf. State v. Moss (May 13, 1993), Cuyahoga App. Nos. 62318 and 62322, reopening disallowed (Jan. 16, 1997), Motion No. 75838; State v. McClain
(Aug. 3, 1995), Cuyahoga App. No. 67785, reopening disallowed (Apr. 15, 1997), Motion No. 76811; and State v. Russell (May 9, 1996), Cuyahoga App. No. 69311, reopening disallowed (June 16, 1997), Motion No. 82351.
 {¶ 5} Furthermore, claims of ignorance of the law, including bad advice from counsel, do not establish good cause. State v. Klein (Apr. 8, 1991), Cuyahoga App. No. 58389, reopening disallowed (Mar. 15, 1994), Motion No. 49260, affirmed (1994), 69 Ohio St.3d 1481; State v. Trammell
(July 24, 1995), Cuyahoga App. No. 67834, reopening disallowed (Apr. 22, 1996), Motion No. 70493; State v. Cummings (Oct. 17, 1996), Cuyahoga App. No. 69966, reopening disallowed (Mar. 26, 1998), Motion No. 92134; and State v. Young (Oct. 13, 1994), Cuyahoga App. Nos. 66768 and 66769, reopening disallowed (Dec. 5, 1995), Motion No. 66164. Ignorance of the law is no excuse.
 {¶ 6} Moreover, the Supreme Court of Ohio in State v. Lamar,102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970, and State v. Gumm,103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, held that the ninety-day deadline for filing must be strictly enforced. In those cases the applicants argued that after the court of appeals decided their cases, their appellate counsels continued to represent them, and their appellate counsels could not be expected to raise their own incompetence. Although the supreme court agreed with this latter principle, it rejected the argument that continued representation provided good cause. In both cases the court ruled that the applicants could not ignore the ninety-day deadline, even if it meant retaining new counsel or filing the applications themselves. The court then reaffirmed the principles that lack of effort, imagination and ignorance of the law do not establish good cause for complying with this fundamental aspect of the rule.
 {¶ 7} Accordingly, this application is properly dismissed as untimely.
Celebrezze, JR., P.J., concurs.
 Kilbane, J., concurs.