[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JOURNAL ENTRY AND OPINION
{¶ 1} In State v. McCauley, Cuyahoga County Court of Common Pleas Case No. CR-418533, applicant, Gilbert McCauley, pled guilty to and was convicted of rape and four counts of gross sexual imposition. This court dismissed McCauley's pro se appeal for failure to file a brief in Statev. McCauley (July 19, 2002) Cuyahoga App. No. 81328, Motion No. 340120. McCauley did not appeal to the Supreme Court of Ohio.
 {¶ 2} Applicant has filed with the clerk of this court an application for reopening. McCauley asserts that he was denied the effective assistance of appellate counsel "due to counsel's failure to effectively research and argue Appelicat's [sic] near maximum sentence." Application, at 2.
 {¶ 3} We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.
 {¶ 4} Initially, we note that App.R. 26(B)(1) provides, in part: "An application for reopening shall be filed * * * within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App.R. 26(B)(2)(b) requires that an application for reopening include "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment."
 {¶ 5} This court's decision affirming applicant's conviction was journalized on July 29, 2002. The application was filed on January 14, 2005, clearly in excess of the ninety-day limit.
 {¶ 6} McCauley refers to the requirement that he establish good cause for the untimely filing of his application. He merely states that "appeal document's he has filed pro-se have indicated his intention to challange [sic] the sentence, but counsel representing Applicant did not research or challange [sic] the sentenceing [sic] issues." Application, at 2 (spelling in original). McCauley's allusion to the issues he might have had counsel raise on appeal does not excuse his failure to timely file the application for reopening. "It is well-settled, however, that ignorance of the law and reliance on counsel are not sufficient grounds to establish good cause for the failure to file a timely application for reopening." State v. Johnson (Aug. 20, 1992), Cuyahoga App. No. 61015, reopening disallowed (Dec. 13, 2000), Motion No. 16322, at 3. McCauley has not, therefore, demonstrated good cause for the untimely filing of the application for reopening.
 {¶ 7} The Supreme Court has upheld judgments denying applications for reopening solely on the basis that the application was not timely filed and the applicant failed to show "good cause for filing at a later time." App.R. 26(B)(1). See, e.g., State v. Gumm, 103 Ohio St.3d 162,2004-Ohio-4755, 814 N.E.2d 861; State v. LaMar, 102 Ohio St.3d 467,2004-Ohio-3976, 812 N.E.2d 970. Applicant's failure to demonstrate good cause is a sufficient basis for denying the application for reopening. See also: State v. Collier (June 11, 1987), Cuyahoga App. No. 51993, reopening disallowed 2005-Ohio-___, Motion No. 370333; State v. Garcia
(July 8, 1999), Cuyahoga App. No. 74427, reopening disallowed 2005-Ohio-___, Motion No. 370916.
 {¶ 8} As noted above, McCauley filed his direct appeal pro se. The record also does not reflect an entry of appearance of counsel on appeal.
"An application for reopening, as filed pursuant to App.R. 26(B), must be based upon a claim of ineffective assistance of appellate counsel. See App.R. 26(B)(1). [Applicant], however, represented himself on appeal to this court in [his direct appeal]. Therefore, he is precluded from arguing his own ineffective assistance of appellate counsel through the present application for reopening. State v. Boone (1996),114 Ohio App.3d 275, 683 N.E.2d 67; State v. Smith (Nov. 29, 2001), Cuyahoga App. No. 79292, 2001 Ohio App. LEXIS 5290, reopening disallowed (Mar. 8, 2002), Motion No. 36058, 2002 Ohio App. LEXIS 1152; State v.Bobo (Jan. 16, 1996), Cuyahoga App. No. 60013, reopening disallowed (Apr. 10, 1996), Motion No. 69762."
State v. Steimle, Cuyahoga App. Nos. 77005, 77006, 77302 and 77303,2005-Ohio-3478, at ¶ 2.
 {¶ 9} We agree with the analysis in Stiemle. Reopening is inappropriate here because McCauley represented himself in his direct appeal. This court may not grant a request for reopening under App.R. 26(B) of an appeal in which the appellant did not have counsel.
 {¶ 10} As a consequence, applicant has not met the standard for reopening. Accordingly, the application for reopening is denied.
Celebrezze, Jr., P.J., Karpinski, J., concurs.