JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} In State v. Arcuri, Cuyahoga County Court of Common Pleas Case No. CR-440904, applicant, Nicholas Arcuri, pled guilty to and was convicted of felonious assault with a peace officer specification and attempted aggravated burglary. Arcuri filed an appeal pro se and this court dismissed the appeal for failure to file the record in State v.Arcuri (Apr. 29, 2004), Cuyahoga App. No. 84435, Entry No. 359487. He did not appeal the dismissal.
 {¶ 2} Arcuri has filed with the clerk of this court an application for reopening. He asserts that he was denied the effective assistance of appellate counsel because the trial court denied his motions for appointment of counsel and transcript at state expense. We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.
 {¶ 3} Initially, we note that App.R. 26(B)(1) provides, in part: "An application for reopening shall be filed * * * within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App.R. 26(B)(2)(b) requires that an application for reopening include "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment."
 {¶ 4} This court's decision affirming applicant's conviction was journalized on May 10, 2004. The application was filed on February 11, 2008, clearly in excess of the ninety-day limit. *Page 4 
 {¶ 5} The Supreme Court has upheld judgments denying applications for reopening solely on the basis that the application was not timely filed and the applicant failed to show "good cause for filing at a later time." App.R. 26(B)(1). See, e.g., State v. Gumm, 103 Ohio St.3d 162,2004-Ohio-4755, 814 N.E.2d 861; State v. LaMar, 102 Ohio St.3d 467,2004-Ohio-3976, 812 N.E.2d 970. We need not, therefore, examine the merits of this application if Arcuri failed to demonstrate good cause for failing to file a timely application.
 {¶ 6} Arcuri argues that the trial court's denial of his request for appointment of counsel as well as his motion for transcript at state expense caused the delay in his filing his application. He also contends that trial counsel failed to inform him of his right to appeal and that the public defender's office misdirected him. Additionally, he states that the staff of the law library at the Mansfield Correctional Institution misdirected him. Finally, Arcuri notes that he is a "layman."
 {¶ 7} It is well-established that being a layman, ignorance of the law, and reliance on counsel do not demonstrate good cause for the untimely filing of an application for reopening. State v.Tomlinson, Cuyahoga App. No. 83411, 2004-Ohio-3295, reopening disallowed, 2005-Ohio-5844, at ¶ 3, et seq. Similarly, this court has rejected a claim that being misdirected by applicant's counsel established good cause. State v. Russell (May 9, 1996), Cuyahoga App. No. 69311, reopening disallowed (June 16, 1997), Motion No. 82351, at 2-3. "Additionally, prison riots, lockdowns, and other library limitations have been rejected as constituting good *Page 5 
cause." State v. Hornack, Cuyahoga App. No. 81021, 2003-Ohio-426, reopening disallowed, 2005-Ohio-5843, at ¶ 4. In light of this authority, we must conclude that Arcuri has failed to establish good cause for the untimely filing of his application.
 {¶ 8} Arcuri's failure to demonstrate good cause is a sufficient basis for denying the application for reopening. See also: State v.Collier (June 11, 1987), Cuyahoga App. No. 51993, reopening disallowed2005-Ohio-5797, Motion No. 370333; State v. Garcia (July 8, 1999), Cuyahoga App. No. 74427, reopening disallowed 2005-Ohio-5796, Motion No. 370916. As a consequence, he has not met the standard for reopening.
 {¶ 9} Furthermore, as noted above, Arcuri filed his direct appeal pro se. "An application for reopening, as filed pursuant to App.R. 26(B), must be based upon a claim of ineffective assistance of appellate counsel. See App.R. 26(B)(1). [Applicant], however, represented himself on appeal to this court in [his direct appeal]. Therefore, he is precluded from arguing his own ineffective assistance of appellate counsel through the present application for reopening. State v.Boone (1996), 114 Ohio App.3d 275, 683 N.E.2d 67; State v. Smith (Nov. 29, 2001), Cuyahoga App. No. 79292, 2001 Ohio App. LEXIS 5290, reopening disallowed (Mar. 8, 2002), Motion No. 36058, 2002 Ohio App. LEXIS 1152;State v. Bobo (Jan. 16, 1996), Cuyahoga App. No. 60013, reopening disallowed (Apr. 10, 1996), Motion No. 69762." State v. Steimle, Cuyahoga App. Nos. 77005, 77006, 77302 and 77303, 2005-Ohio-3478, at ¶ 2, quoted with approval in State v. McCauley (July 19, 2002), *Page 6 
Cuyahoga App. No. 81328, reopening disallowed 2005-Ohio-6093, Motion No. 367842, at ¶ 8. In light of Arcuri's having filed his direct appeal pro se, reopening is not appropriate.
 {¶ 10} Accordingly, the application for reopening is denied.
 PATRICIA A. BLACKMON, P.J., and MELODY J. STEWART, J., CONCURS. *Page 1