JOURNAL ENTRY AND OPINION
{¶ 1} In State v. Woody,[1] Cuyahoga County Court of Common Pleas Case No. CR-478107, applicant, Mike Woody, III, pled guilty to and was convicted of involuntary manslaughter and felonious assault. Woody's assigned counsel filed a motion to voluntarily withdraw the appeal. Counsel indicated that, absent evidence outside the record, "it appears that appellant entered a knowing, intelligent and voluntary plea. Furthermore, it appears that the sentence imposed by the trial court was lawful as agreed to by the defense." He moved that this court grant the request to withdraw the appeal or assign different counsel. This court granted the motion to voluntarily withdraw appeal and dismissed the appeal. State v. Woodey, Cuyahoga App. No. 84435, Entry Nos. 404383 and 404744, January 9, 2008. Woody did not appeal this court's dismissal of his direct appeal.
 {¶ 2} Woody has filed with the clerk of this court an application for reopening. Applicant asserts that he was denied the effective assistance of appellate counsel because: the trial court found Woody competent to stand trial; trial counsel did not file a motion to suppress evidence until 11 months after arraignment; and the trial court violated Crim. R. 11 by accepting a guilty plea from a defendant with a low I.Q. *Page 4 
 {¶ 3} We deny the application for reopening. As required by App. R. 26(B)(6), the reasons for our denial follow.
 {¶ 4} Initially, we note that App. R. 26(B)(1) provides, in part: "An application for reopening shall be filed * * * within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App. R. 26(B)(2)(b) requires that an application for reopening include "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment."
 {¶ 5} This court's decision affirming applicant's conviction was journalized on January 9, 2008. The application was filed on May 16, 2008, clearly in excess of the ninety-day limit.
 {¶ 6} The Supreme Court has upheld judgments denying applications for reopening solely on the basis that the application was not timely filed and the applicant failed to show "good cause for filing at a later time." App. R. 26(B)(1). See, e.g., State v. Gumm, 103 Ohio St.3d 162,2004-Ohio-4755, 814 N.E.2d 861; State v. LaMar, 102 Ohio St.3d 467,2004-Ohio-3976, 812 N.E.2d 970. We need not, therefore, examine the merits of this application if Woody failed to demonstrate good cause for failing to file a timely application.
 {¶ 7} "Appellant now argues that this motion is beyond 90 days because: 1) Defendant is young and has a low I.Q. and should be considered unable to fully protect his own interests * * *." Application for Reopening, at 3. Woody has not, *Page 5 
however, provided this court with any authority for concluding that an applicant's age or intelligence provides a basis for determining that there is good cause for filing an application for reopening beyond the ninety-day deadline.
 {¶ 8} Rather, his argument essentially restates the assertion by numerous applicants that they lacked the competence in legal matters to file a timely application. "It is well-established that being a layman, ignorance of the law, and reliance on counsel do not demonstrate good cause for the untimely filing of an application for reopening. State v.Tomlinson, Cuyahoga App. No. 83411, 2004 Ohio 3295, reopening disallowed, 2005 Ohio 5844, at ¶ 3, et seq. Similarly, this court has rejected a claim that being misdirected by applicant's counsel established good cause. State v. Russell (May 9, 1996), Cuyahoga App. No. 69311, reopening disallowed (June 16, 1997), Motion No. 82351, at 2-3." State v. Arcuri (Apr. 29, 2004), Cuyahoga App. No. 84435, Entry No. 359487, reopening disallowed, 2008-Ohio-1083, at ¶ 7. In light of this authority, we must conclude that Woody has failed to demonstrate good cause for the untimely filing of his application.
 {¶ 9} Woody's failure to demonstrate good cause is a sufficient basis for denying the application for reopening. See also: State v.Collier (June 11, 1987), Cuyahoga App. No. 51993, reopening disallowed2005-Ohio-5797, Motion No. 370333; State v. Garcia (July 8, 1999), Cuyahoga App. No. 74427, reopening disallowed 2005-Ohio-5796, Motion No. 370916. As a consequence, Woody has not met the standard for reopening. *Page 6 
 {¶ 10} Accordingly, the application for reopening is denied.
MARY J. BOYLE, J., and FRANK D. CELEBREZZE, JR., J., CONCUR
[1] The proceedings in the trial court were conducted with the caption"State v. Woody." Woody's assigned counsel filed the notice of appeal, however, with the caption "State v. Woodey." Although the caption in this opinion remains "State v. Woodey" in the text of the opinion we use the spelling "Woody," as it appears in the affidavit of Woody's mother in support of the application for reopening. *Page 1