[Cite as *State v. Woody*, 2014-Ohio-302.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 99774

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MIKE WOODY

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-478107

**BEFORE:** Keough, P.J., Kilbane, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** January 30, 2014

**ATTORNEYS FOR APPELLANT**

Robert A. Dixon
The Brownhoist Building
4403 St. Clair Avenue
Cleveland, Ohio 44103

Thomas J. Escovar
Steuer, Escovar, Berk & Brown Co.
55 Public Square, Suite 1475
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Mary H. McGrath
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, P.J.:

{¶1} Defendant-appellant, Mike Woody ("Woody"), appeals from the trial court's judgment denying his second motion to withdraw his guilty plea. For the reasons that follow, we affirm.

## I. Background

{¶2} In October 2005, Woody, then a juvenile, was arrested in connection with the death of an elderly woman. Woody and other members of the "Goonies" gang snatched the woman's purse, which caused her to fall and hit her head. She was hospitalized for a head injury and a separated shoulder; she subsequently developed pneumonia as a result of her injuries and died a short time later.

{¶3} In November 2005, Woody was referred to the juvenile court diagnostic clinic for psychological evaluation related to his competency to participate in the court proceedings. Dr. Joseph Konieczny found that Woody had "significant intellectual limitations" but that he had "an adequate understanding as to the nature and objective of the current proceedings." In January 2006, after an evidentiary hearing, the juvenile court judge found him competent to stand trial.

{¶4} In February 2006, Woody was bound over to the common pleas court and, in March 2006, he was indicted on counts of murder, aggravated robbery, and felonious assault, with gang specifications.

{¶5} Woody was referred to the court psychiatric clinic in April 2006 for another competency evaluation. In May, Dr. Brad Booth evaluated Woody on two occasions and

Dr. George Schmedlen gave him an IQ test. In light of his evaluations and Dr. Schmedlen's report, in June 2006, Dr. Booth issued a report in which he opined that Woody suffered from ADHD and mild mental retardation but that despite the limitations, he was capable of understanding the nature and objectives of the court proceedings and of assisting in his defense.

{¶6} In August 2006, the trial court granted defense counsel's motion for appointment of Dr. James J. Karpawich as defense psychologist. After evaluating Woody, Dr. Karpawich opined, as the other psychologists had, that although Woody had "intellectual limitations," he was capable of understanding the nature and objective of the proceedings against him and of assisting in his defense. None of the psychologists' reports, however, were made part of the record.

{¶7} In January 2007, Woody pled guilty to involuntary manslaughter and felonious assault, and the court sentenced him to the agreed upon sentence of 18 years incarceration. Subsequently, in August 2007, this court granted Woody's motion to file a delayed direct appeal. However, in December 2007, appellate counsel moved to dismiss the appeal, noting that he had reviewed the transcripts from the plea and sentencing and found no error, and that absent evidence outside the record, it appeared that Woody had entered a knowing, intelligent, and voluntary plea. This court granted the motion and dismissed the appeal. Later, this court denied as untimely Woody's motion to reopen the appeal. *State v. Woodey* [sic], 8th Dist. Cuyahoga No. 90317, 2008-Ohio-2825.

{¶8}   In January 2008, Woody filed a Crim.R. 32.1 motion to withdraw his guilty plea due to a manifest injustice,[1] alleging that (1) there were unresolved issues of his competency when he entered his plea, (2) he lacked the mental capacity to understand his plea due to his low IQ and the drugs he was taking at the time of the plea, and (3) trial counsel was ineffective for failing to litigate these issues.   The trial court denied Woody's motion without hearing.   This court affirmed the trial court's judgment on appeal, holding that because Woody had not filed a transcript of the plea hearing on appeal, the court had to presume regularity and, therefore, Woody had failed to meet his burden of demonstrating a manifest injustice.   *State v. Woody*, 8th Dist. Cuyahoga No. 92929, 2010-Ohio-72, ¶ 10-11.

{¶9} In September 2010, Woody filed a second motion to withdraw his guilty plea.  Among other documents, Woody attached to the motion the psychiatric reports from Drs. Konieczny, Booth, and Karpawich, as well as jail medication records from December 2006 and January 2007.   In his motion, Woody acknowledged that the issues raised in the second motion were similar to the first motion but argued that the earlier motion did not include the documentation attached to this motion — specifically, the psychiatric reports and jail medication records.   Woody argued further that because the first motion to

---

[1]Under Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

withdraw was denied without a hearing or findings of fact or conclusions of law, it was unclear whether the motion was overruled on substantive or procedural grounds, or both.

{¶10} The trial court subsequently denied the motion as barred by the doctrine of res judicata, finding that it was a reassertion of claims that were raised or could have been raised in the first motion to withdraw or the prior appeals. The court stated that "the only discernible difference between the current motion and the previous motion is that defense counsel have appended copies of records from Defendant's file to the motion — all of which were available to the court at the time of the plea and sentencing."

{¶11} Woody now appeals from this judgment.

## II. Analysis

{¶12} In his single assignment of error, Woody contends that the trial court erred by finding that the claims raised in his second motion to withdraw the guilty plea were barred by the doctrine of res judicata.

> The usual formulation of res judicata in postconviction proceedings is that it bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. Res judicata does not, however, apply only to direct appeals, but to all postconviction proceedings in which an issue was or could have been raised. Thus, res judicata bars the assertion of claims in a motion to withdraw a guilty plea that were, or could have been, raised in a prior proceedings. *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59, citing *State v. McGee*, 8th Dist. Cuyahoga No. 91638, 2009-Ohio-3374, ¶ 9.

*State v. Montgomery*, 8th Dist. Cuyahoga No. 99452, 2013-Ohio-4193, ¶ 42.

{¶13} Contrary to the state's assertion, the issues raised in Woody's second motion to withdraw the guilty plea could not have been raised on direct appeal because they relied on matters outside the record. Thus, they were properly the subject of a postconviction motion to withdraw the guilty plea. *Id.* at ¶ 43, citing *State v. Smith*, 17 Ohio St.3d 98, 101, 477 N.E.2d 1128 (1985), fn. 1.

{¶14} Nevertheless, the issues raised by Woody in his second motion to withdraw the guilty plea could have been raised in his first motion to withdraw the plea, and thus are barred by res judicata. Attached to Woody's second motion to withdraw the plea were (1) a juvenile court judgment entry dated January 31, 2006, finding Woody competent to stand trial; (2) Dr. Konieczny's report, dated November 16, 2005; (3) Dr. Schmedlen's report, dated May 15, 2006; (4) Dr. Booth's report, dated June 2, 2006; (5) Dr. Karpawich's report, dated September 18, 2006; (6) jail medication reports dated December 2006 and January 2007 regarding medications given to Woody while he was in jail; and (7) a transcript of the plea hearing. In his motion, Woody argued that he should be allowed to withdraw his plea because these documents demonstrated that on the day of the plea, he was under the influence of psychotropic medications administered by the county jail, suffered from ADHD and depression, and was mildly mentally retarded, all of which affected his ability to understand the ramifications of his plea.

{¶15} All of these documents, however, were available at the time of the guilty plea and sentencing, which Woody concedes. Although the documents were not made part of the record, there is no evidence that defense counsel was unaware of these

documents. Accordingly, any issues regarding Woody's understanding of the plea relative to the documents could have been raised in Woody's first motion to withdraw the plea and, therefore, are res judicata. "Any issue that was, or should have been, litigated in a prior action between the parties may not be relitigated." *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.

{¶16} Woody contends, however, that applying res judicata in this case would work an injustice. He argues that the trial court denied his first motion to withdraw without a hearing or opinion so there is no indication whether the trial court denied the motion on the merits or on some other procedural basis, and that this court affirmed the denial not on the merits but because counsel failed to attach the transcript of the plea hearing. Therefore, he contends, under such circumstances and in light of his mental history and deficiencies as demonstrated by the documents attached to his motion, it would be unjust to apply the doctrine of res judicata. We find no such injustice.

> Because this is a postsentence motion to withdraw a guilty plea, we apply Crim.R. 32.1, which permits a criminal defendant to withdraw a plea after the imposition of sentence only to correct a "manifest injustice." A manifest injustice has been defined as a "clear or openly unjust act." *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 1998-Ohio-271, 699 N.E.2d 83. Under the manifest injustice standard, a postsentence withdrawal motion is allowable only in extraordinary cases. *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977). "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *Id.*, at paragraph two of the syllabus. We therefore review a trial court's refusal to allow a postsentence motion to withdraw a guilty plea for an abuse of discretion. *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992).

*Montgomery*, 8th Dist. Cuyahoga No. 99452, 2013-Ohio-4193 at ¶ 61.

{¶17}   Woody has failed to demonstrate a manifest injustice because the psychiatric reports attached to his motion to withdraw his guilty plea demonstrate that each psychiatrist who examined him found him competent to stand trial and to assist in his defense.   Dr. Konieczny opined that although Woody showed "significant intellectual limitations," he "has an adequate understanding as to the nature and objective of the current proceedings."   Dr. Booth opined that despite Woody's limitations, he "is capable of understanding the nature and objective of the court proceedings."   And Dr. Karpawich, the defense psychologist, opined that

> [c]oncerning his competency to stand trial, Mr. Woody is aware of the charges against him, he has a basic knowledge of legal terms, he understands the adversarial nature of the legal process, and he is aware of the roles of courtroom figures.   He does not report any problems in working with his attorney, he is able to given an account of his behavior around the time of the offense, he can make decisions which are in his best interest, and he can control his behavior in the courtroom.

{¶18} Dr. Karpawich further opined that despite his intellectual limitations, Woody was "capable of understanding the nature and objectives of the proceedings against him and of assisting in his defense."   Thus, the reports relied on by Woody as the basis for withdrawal of his plea contradict his claim of incompetency.

{¶19} Further, the record of the plea hearing refutes Woody's claim that he was under the influence of drugs when he entered his plea.   The transcript reflects that Woody answered "no" when the judge asked him prior to accepting his plea if he was "under the influence of drugs, alcohol, or any medication."

**{¶20}** Accordingly, Woody has not shown that the application of res judicata under these circumstances is unjust or that the trial court should have allowed him to withdraw his plea to prevent a manifest injustice. Therefore, the trial court did not abuse its discretion by denying Woody's second motion to withdraw the guilty plea.

**{¶21}** Likewise, we find no merit to Woody's contention that counsel's "failure to insure that the record contained all necessary documents" was a denial of his constitutional right to effective assistance of counsel. To establish ineffective assistance of counsel, a defendant must show (1) that counsel's performance was deficient; and (2) prejudice, i.e., a reasonable probability that but for counsel's errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**{¶22}** As discussed above, the reports that Woody claims counsel should have been included in the record demonstrate that although each psychologist who examined Woody noted his low IQ and limitations, each psychologist — including the defense psychologist — found him competent to stand trial and able to assist in his defense. Thus, even if counsel had acted to include the reports in the record, they would not have supported a challenge to Woody's competency. Accordingly, we find no prejudice resulting from counsel's failure to include the reports in the record.

**{¶23}** Appellant's assignment of error is overruled and the trial court's judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KATHLEEN ANN KEOUGH, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., CONCURS;
MARY EILEEN KILBANE, J., DISSENTS. (SEE ATTACHED DISSENTING OPINION.)

MARY EILEEN KILBANE, J., DISSENTING:

**{¶24}** I respectfully dissent. I would find that the claims raised in Woody's second motion to withdraw his guilty plea are not barred by res judicata.

**{¶25}** The basis of Woody's claim of manifest injustice focuses on his mental competency. There is no dispute that Woody has "significant intellectual limitations" and is mildly mentally retarded. In his report, Dr. Karpawich cautioned that certain safeguards needed to be in place to minimize Woody's mental deficiencies. Dr. Karpawich recommended that:

> [Woody's] attorney spend sufficient time with [Woody] outside the courtroom to discuss his case in simple terms and to ensure that [Woody] has understood what he had been told. In addition, [Woody] may need more frequent and longer recesses to discuss his case with his attorney.

Finally, it is recommended that all courtroom personnel make the effort to use simple language when [Woody] is present in court[.]

{¶26} While the issue of competency was raised at the trial court, the record reflects that no hearing was held pursuant to R.C. 2945.37.[2]  When Woody filed his first Crim.R. 32.1 motion, it was denied without a hearing, and the subsequent appeal was affirmed solely because the plea transcript was not filed with the appeal.  Woody's second Crim.R. 32.1 motion did contain the additional reports and documentation, but the trial court denied this motion without a hearing as well.   Thus, there is no indication that the issues he raised in his motions were ever addressed on the merits, and the merits of his prior appeal were never addressed solely because no transcript was filed with the appeal.

{¶27} The doctrine of res judicata should not '"be applied so rigidly as to defeat the ends of justice or so as to work an injustice.'  *Washburn v. Senff*, 5th Dist. Stark No. 2002CA00393, 2003-Ohio-4379, ¶ 16, quoting *Bauer v. Huntington Nat. Bank*, 10th Dist. Franklin No. 99AP-347, 2000 Ohio App. LEXIS 412 (Feb. 10, 2000) (Citations omitted)."  *State v. Tinney*, 5th Dist. Richland No. 2011 CA 41, 2012-Ohio-72, ¶ 31, *discretionary appeal not allowed*,   131 Ohio St.3d 1542, 2012-Ohio-2025.

{¶28} In the instant case, Woody was "qualified" as competent, yet there was no competency hearing, as well as no hearing on his motion to withdraw his guilty plea.

---

[2]R.C. 2945.37(B) provides that:  "[i]n a criminal action in a court of common pleas, a county court, or municipal court, the court, prosecutor, or defense may raise the issue of the defendant's competence to stand trial.   If the issue is raised before the trial has commenced, the court *shall* hold a hearing on the issue as provided in this section."   (Emphasis added.)

Moreover, there was no indication that his motion was ever decided on the merits, and the appeal from his first Crim.R. 32.1 motion was affirmed solely on the basis of the lack of a transcript. I would find that these circumstances work as an injustice to Woody. As a result, I would not apply res judicata to Woody's Crim.R. 32.1 motion.