[Cite as *State v. Conner*, 2024-Ohio-3110.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

STATE OF OHIO,                    :

    Plaintiff-Appellee,       :

                                   No. 113405

    v.                        :

KENDLE CONNER,                    :

    Defendant-Appellant.      :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 15, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-661269-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Daniel T. Van, Assistant Prosecuting
Attorney, *for appellee*.

Kendle Conner, *pro* se.

KATHLEEN ANN KEOUGH, A.J.:

{¶ 1} Defendant-appellant, Kendle Conner, appeals from the trial court's judgment denying his "motion to vacate the sentence as being contrary to law." We affirm.

## I.  Background

{¶ 2} Conner pleaded guilty to involuntary manslaughter, felonious assault, and having weapons while under disability in Cuyahoga C.P. No. CR-21-661269 ("661269") and to having weapons while under disability in Cuyahoga C.P. No. CR-21-661251 ("661251").  The trial court sentenced him to an aggregate 25-year prison sentence.  Over the State's objection at the sentencing hearing, the trial court declined to impose the "Reagan Tokes tail" when sentencing Conner, finding the indefinite sentencing provisions of the Reagan Tokes Law to be unconstitutional. Conner raised no objection to his sentence at the sentencing hearing.

{¶ 3}  On direct appeal, Conner raised two assignments of error: (1) that his guilty plea was not knowingly, voluntarily, and intelligently made and (2) that the trial court erred in sentencing him on both the involuntary manslaughter and felonious assault counts in 661269 because they were allied offenses.  Neither Conner nor the state raised any argument on direct appeal regarding the trial court's failure to sentence Conner in compliance with the Reagan Tokes Law.

{¶ 4}  This court found no merit to Conner's arguments on direct appeal and affirmed the trial court's judgment.  *State v. Conner*, 2023-Ohio-1220 (8th Dist.). In its written opinion, this court noted the trial court's decision not to sentence under the Reagan Tokes Law but did not address the issue further because neither party raised it on direct appeal.  *Id.* at ¶ 12, fn. 1.  This court subsequently denied Conner's motion for reopening pursuant to App.R. 26(B).  *State v. Conner*, 2023-Ohio-3485 (8th Dist.).

{¶ 5}  Conner then filed in the trial court a "motion to vacate the sentence as being contrary to law," arguing that his sentence was contrary to law and the trial court was required to resentence him because the court had not sentenced him in compliance with the Reagan Tokes Law.  The trial court denied the motion.  It found that Conner's argument was not applicable to 661251 because the offense to which Conner pleaded guilty in that case was a third-degree felony to which the Reagan Tokes Law did not apply.  It further found that Conner's argument regarding 661269 was precluded because neither party had challenged the sentence on direct appeal, as required by the Ohio Supreme Court's decisions in *State v. Harper*, 2020-Ohio-2913, and *State v. Henderson*, 2020-Ohio-4784.

{¶ 6}  Conner now appeals from that judgment.

## II.  Law and Analysis

{¶ 7}  In his first assignment of error, Conner contends that the trial court erred by not sentencing him under the Reagan Tokes Law.  In his second assignment of error, he contends that the trial court erred in denying his motion to vacate his sentence as being contrary to law.  We address these assignments of error together because they are related.

{¶ 8}  As an initial matter, we observe that the trial court correctly found that Conner's arguments regarding the trial court's failure to sentence under the Reagan Tokes Law are not applicable to his sentence in 661251.  Under the Reagan Tokes Law, qualifying first- and second-degree felonies committed after March 22, 2019, are subject to the imposition of indefinite sentences.  *State v. Allmon*, 2023-

Ohio-3880, ¶ 2, citing R.C. 2929.14(A) and 2929.144. In 661251, Conner pleaded guilty to having weapons while under disability, a third-degree felony offense. Accordingly, the indefinite provisions of the Reagan Tokes Law do not apply to the sentence in that case.

{¶ 9} With respect to Conner's arguments regarding 661269, we observe that in *Harper*, 2020-Ohio-2913, and *Henderson*, 2020-Ohio-4784, the Ohio Supreme Court realigned its precedent with the traditional understanding of what constitutes a void judgment. *Harper* at ¶ 4; *Henderson* at ¶ 34. "Based on *Harper* and *Henderson*, the current void-sentence jurisprudence of the Ohio Supreme Court is clear: if the sentencing court has subject-matter jurisdiction over the case and personal jurisdiction over the defendant, any sentencing error renders the sentence voidable, not void." *State v. Stansell*, 2021-Ohio-2036, ¶ 7 (8th Dist.) (en banc). And if a sentencing error renders the defendant's sentence voidable, the error must be challenged on direct appeal or the sentence will be subject to the doctrine of res judicata, which bars the assertion of claims that could have or should have been raised in a prior proceeding. *Harper* at ¶ 43; *State v. Woody*, 2014-Ohio-302, ¶ 12 (8th Dist.).

{¶ 10} There is no dispute in this case that the trial court had both subject-matter jurisdiction over Conner's case and personal jurisdiction over him. R.C. 2931.03; *State v. Castner*, 2021-Ohio-1048, ¶ 8 (9th Dist.). Accordingly, the trial court's failure to comply with the Reagan Tokes Law when sentencing Conner in 661269 rendered the sentence voidable, not void, and thus, to avoid the application

of the doctrine of res judicata, Conner was required to raise the issue on direct appeal. He did not do so and, accordingly, res judicata prohibits him from raising the claim now.

{¶ 11} The assignments of error are overruled, and the trial court's judgment is affirmed.

{¶ 12} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

KATHLEEN ANN KEOUGH, ADMINISTRATIVE JUDGE

EMANUELLA D. GROVES, J., and
FRANK DANIEL CELEBREZZE, III, J., CONCUR