JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant Michael Roberts appeals his consecutive sentences. Roberts, through counsel, assigns the following errors for our review:
 "I. Trial court erred in sentencing appellant to consecutive sentences which were contrary to law."
 "II. The appellant's plea was not knowingly, intelligently, and voluntarily given when he was not informed of the consequences of his guilty plea."
 {¶ 2} In addition, Roberts, pro se, assigns the following supplemental errors for our review:
 "I. The trial court committed a reversible error in accepting appellant's guilty pleas where the court lacked jurisdiction in violation of the 5th and 14th Amendments to the United States Constitution and the Ohio Constitution."
 "II. Defendant-Appellant was completely denied assistance of counsel at the critical stage of proceeding in violation of the 6th and 14th Amendments to the United States Constitution and Article 1 Section 10 of the Ohio Constitution."
 {¶ 3} Having reviewed the record and pertinent law, we affirm Roberts' conviction and sentence. The apposite facts follow.
 {¶ 4} The Cuyahoga County Grand Jury indicted Roberts in four separate cases. On August 17, 2006, pursuant to plea agreements with the State of Ohio, Roberts entered guilty pleas in each case. In the first case, Roberts pleaded guilty to obstructing official business, a fifth degree felony. In the second and third cases respectively, Roberts pleaded guilty to one count each of burglary, third degree *Page 4 
felonies. In the fourth case, Roberts pleaded guilty to one count of burglary, a second degree felony, and to one count of theft, a first degree misdemeanor.
 {¶ 5} On September 11, 2006, in the first case, the trial court sentenced Roberts to a prison term of nine months for obstructing official business. In the second and third cases respectively, the trial court sentenced Roberts to prison terms of two years for each burglary count. All three sentences were to be served consecutively.
 {¶ 6} In the fourth case, the trial court sentenced Roberts to prison terms of three years for burglary and six months for theft. The trial court ordered the sentences in the fourth case to be served concurrently, but consecutively to the sentences in the first three cases, for a total prison term of seven years and nine months.
 Consecutive Sentences {¶ 7} In the first assigned error, Roberts argues the trial court erred in imposing consecutive sentences, which were contrary to law. We disagree.
 {¶ 8} In State v. Foster,[1] the Ohio Supreme Court declared R.C.2929.14(E)(4), which governed consecutive sentences unconstitutional and excised *Page 5 
the offending part of the statute from the statutory scheme. InFoster,[2] the Ohio Supreme Court held that judicial fact-finding to impose the maximum or a consecutive sentence is unconstitutional in light of Blakely v. Washington[3]
 {¶ 9} The court also held that "after the severance, judicial fact-finding is not required before a prison term may be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant."[4] "As a result, trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences."[5]
 {¶ 10} In the instant case, Roberts appears to argue that the trial court failed to consider factors set forth in R.C. 2929.12(A), (B), (C), (D) and (E) regarding the seriousness of the offender's conduct and the likelihood of recidivism. While trial courts "must carefully consider the statutes that apply to every felony case,"[6] it is not necessary for the trial court to articulate its consideration of each individual factor as *Page 6 
long as it is evident from the record that the principles of sentencing were considered.[7]
 {¶ 11} It is clear from our review of the sentencing transcript that the trial court did in fact consider the principles and purposes of sentencing as required by R.C. 2929.11 and 2929.12. At sentencing, the trial court discussed information provided to the court from Roberts' presentence investigation report and noted that Roberts had a long criminal history dating back to 1990. The trial court then reviewed in detail the various crimes Roberts had committed during this time.
 {¶ 12} The trial court also considered the factors set forth in R.C. 2929.12(D) and (E) as indicators of Roberts' likelihood of committing future crimes. As indicators that recidivism is more likely, the trial court noted that Roberts committed several of the crimes, the subject of this appeal, while he was out on bond. In addition, the trial court noted that each of the charged crimes were committed at a different time and place. Further, the trial court noted that Roberts betrayed the trust of the people who hired him when he burglarized their businesses.
 {¶ 13} Finally, the trial court stated:
 "* * * Mr. Roberts, you stood here and stated to the court — and I believe you're sincere — that your drug addiction led you to these particular crimes. But I should emphasize something to maybe think about: The victims, when you go in and steal things from them, you take money that they work hard and legitimately to earn, *Page 7 they don't really care that you're on drugs. They know their homes or in this case not homes but businesses have been broken into and you've stolen what they have worked hard to do, accumulate the business. It makes little difference to them that you're on drugs. Plus, when somebody hires you and you betray their confidence, that certainly aggravates the situation."[8]
 {¶ 14} We conclude from our review of the record that the trial court considered the overriding principles and purposes of sentencing. We find that Roberts' sentence was properly imposed. Accordingly, we overrule the first
assigned error.
 Guilty Plea {¶ 15} In the second assigned error, Roberts argues the trial court erred in denying his post-sentence motion to withdraw his guilty plea. Roberts specifically asserts that his guilty pleas were not knowingly, intelligently, and voluntarily made, because the trial court failed to advise him of the possibility of consecutive sentences at the time he tendered his guilty pleas. We disagree.
 {¶ 16} A post-sentence motion to vacate a guilty plea is addressed to the sound discretion of the trial court and an appellate court's review of a trial court's denial of a post-sentence motion to withdraw a guilty plea is limited to a *Page 8 
determination of whether the trial court abused its discretion.[9] The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's decision is unreasonable, arbitrary or unconscionable.[10] Absent an abuse of discretion on the part of the trial court in making the ruling, its decision must be affirmed.[11]
 {¶ 17} The Supreme Court of Ohio has reviewed this issue, and it held, in State v. Johnson:[12]
 "Failure to inform a defendant who pleads guilty to more than one offense that the court may order him to serve any sentences imposed consecutively, rather than concurrently, is not a violation of Crim.R. 11(C)(2), and does not render the plea involuntary."
 {¶ 18} Although the trial court did not directly inform Roberts that, upon acceptance of his guilty pleas, the possibility existed that the court could impose consecutive sentences, the record reflects that the trial court engaged in a lengthy colloquy with Roberts to ascertain that he was knowingly, intelligently, and voluntarily tendering his pleas.
 {¶ 19} We conclude that Roberts was not prejudiced by the trial court's failure to specifically inform him of the possibility of consecutive sentences. Thus, in *Page 9 
accordance with Johnson, and subsequent rulings from this court, we reject Roberts' challenge of his guilty pleas.[13] Accordingly, we overrule the second assigned error.
 Defective Indictment {¶ 20} In Roberts' first pro se supplemental assigned error, he argues the trial court lacked jurisdiction to accept his guilty pleas, because the indictments failed to state the essential elements of the charged crimes. We disagree.
 {¶ 21} Crim.R. 7(D) provides, inter alia:
 "Amendment of indictment, information, or complaint. The court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged. If any amendment is made to the substance of the indictment, information, or complaint, or to cure a variance between the indictment, information, or complaint and the proof, the defendant is entitled to a discharge of the jury on the defendant's motion, if a jury has been impanelled, and to a reasonable continuance, unless it clearly appears from the whole proceedings that the defendant has not been misled or prejudiced by the defect or variance in respect to which the amendment is made, or that the defendant's rights will be fully protected by proceeding with the trial, or by a postponement thereof to a later date with the same or another jury."
 {¶ 22} Crim.R. 7(D) embodies the protections guaranteed in Section 10, Article I, of the Ohio Constitution, which provides that "no person shall be held to answer for *Page 10 
a capital, or otherwise infamous crime, unless on presentment or indictment of a grand jury."[14] "This provision guarantees the accused that the essential facts constituting the offense for which he is tried will be found in the indictment of the grand jury. Where one of the vital elements identifying the crime is omitted from the indictment, it is defective and cannot be cured by the court as such a procedure would permit the court to convict the accused on a charge essentially different from that found by the grand jury."[15]
 {¶ 23} In the instant case, Roberts asserts in his pro se supplemental brief that the indictment prescribed five separate offenses under one statute.[16] However, we have reviewed the indictments in the four separate cases and found no support for Robert's assertions. On the contrary, we find that the indictments herein, plainly, concisely, and definitively state the essential facts of the charged crimes. Consequently, we find Roberts' assertion without merit. Accordingly, we overrule the first pro se supplemental error.
 Ineffective Assistance of Counsel {¶ 24} In Roberts' second pro se supplemental error, he argues he was denied the effective assistance of counsel. We disagree. *Page 11 
 {¶ 25} We review a claim of ineffective assistance of counsel under the two-part test set forth in Strickland v. Washington.1[17] UnderStrickland, a reviewing court will not deem counsel's performance ineffective unless a defendant can show his lawyer's performance fell below an objective standard of reasonable representation and that prejudice arose from the lawyer's deficient performance.[18] To show prejudice, a defendant must prove that, but for his lawyer's errors, a reasonable probability exists that the result of the proceedings would have been different.[19] Judicial scrutiny of a lawyer's performance must be highly deferential.[20]
 {¶ 26} In the instant case, Roberts asserts that his counsel was ineffective for failing to object to the imposition of consecutive sentences. We are not persuaded.
 {¶ 27} The record reveals that prior to sentencing, defense counsel asked the trial court to consider that Roberts was a drug addict, that none of the offenses were violent offenses, and that Roberts was remorseful. Defense counsel specifically requested that the trial court consider the foregoing and not impose consecutive sentences. As previously discussed in the first assigned error, trial courts have full discretion to impose a prison sentence within the statutory range and are no longer *Page 12 
required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences.
 {¶ 28} Here, the record indicates that defense counsel addressed the issue of consecutive sentences prior to their imposition. As such, we find nothing in the record to support Roberts' assertion that he was denied the effective assistance of counsel. Accordingly, we overrule the second pro se supplemental error.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MELODY J. STEWART, J., and ANN DYKE, J., CONCUR
[1] 109 Ohio St.3d 1, 2006-Ohio-856, applying United States v.Booker (2005), 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621; Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 andApprendi v. New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348,147 L.Ed.2d 435.
[2] Id. at 61, 64, and 67.
[3] (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403.
[4] Foster, supra, at 99.
[5] State v. Moore, Cuyahoga App. No. 88160, 2007-Ohio-1303, quotingFoster, supra, at paragraph seven of the syllabus and State v.Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, paragraph three of the syllabus.
[6] See State v. Matthis, 109 Ohio St.3d 54.
[7] See State v. McDaniel, 6thDist. No. OT-07-006,2007-Ohio-6366.
[8] Tr. at 39-40.
[9] State v. Blatnik (1984), 17 Ohio App.3d 201, 202.
[10] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
[11] State v. Xie (1992), 62 Ohio St.3d 521, 527.
[12] (1988), 40 Ohio St.3d 130, syllabus.
[13] State v. Bobbitt, Cuyahoga App. No. 81999, 2003-Ohio-3024;State v. Kerin, Cuyahoga App. No. 85153, 2005-Ohio-4117; and State v.Slagle, Cuyahoga App. No. 87193, 2006-Ohio-4101.
[14] State v. Strozier (Oct. 5, 1994), 2ndDist No. 14021, quoting State v. Headley (1983), 6 Ohio St.3d 475.
[15] Id.
[16] Supplemental Brief at 2.
[17] (1984), 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052.
[18] State v. Bradley (1989), 42 Ohio St.3d 136, paragraph one of syllabus.
[19] Id. at paragraph two of syllabus.
[20] State v. Sallie (1998), 81 Ohio St.3d 673, 674. *Page 1