[Cite as *State v. Wright*, 2014-Ohio-3230.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 100433

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## BENNIE E. WRIGHT

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-568036

**BEFORE:** Kilbane, J., Boyle, A.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 24, 2014

**ATTORNEY FOR APPELLANT**

Ronald A. Skingle
2450 St. Clair Avenue
Cleveland, Ohio 44114

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Aleksandra Chojnacki
Mary H. McGrath
Assistant County Prosecutors
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} Defendant-appellant, Bennie E. Wright, appeals from the sentence imposed upon his conviction for felonious assault. Having reviewed the record and controlling case law, we affirm.

{¶2} On October 30, 2012, defendant was indicted pursuant to a five-count indictment in connection with an argument over a debt that resulted in the shooting of Charles Hobbs, while he was with his son. Count 1 charged defendant with attempted murder, with one- and three-year firearm specifications. Counts 2-4 charged him with felonious assault, with one- and three-year firearm specifications. Count 5 charged him with robbery.

{¶3} Defendant pled not guilty to the charges. On March 12, 2013, the trial court referred defendant to the court psychiatric clinic for competency and sanity evaluations. On April 24, 2013, the court noted, "[a]ll parties stipulate to the 04/09/13 competency report * * *. Based upon that report and the stipulation of counsel, the court finds defendant competent to stand trial."

{¶4} On August 20, 2013, the defendant entered into a plea agreement with the state of Ohio and pled guilty to one count of felonious assault, with a one-year firearm specification. The remaining charges and specifications were nolled. On August 23, 2013, the court sentenced the defendant to seven years of imprisonment for felonious assault, one year of consecutive imprisonment for the firearm specification, and three

years of postrelease control sanctions. He now appeals and assigns the following error for our review:

> Appellant Bennie Wright's sentence is contrary to law because the trial court failed to comply with the purposes and principles of sentencing as set forth in R.C. 2929.11 and R.C. 2929.12.

{¶5} Having reviewed the record and controlling case law, we conclude that the assignment of error is without merit.

## Standard of Review

{¶6} A defendant's right to appeal a sentence is based on specific grounds stated in R.C. 2953.08(A):

> In addition to any other right to appeal and except as provided in division (D) of this section, a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds:    * * *
>
> (4) The sentence is contrary to law.

{¶7} A reviewing court may "increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing" if we determine that "the record clearly and convincingly * * * does not support the sentencing court's findings under [various provisions]; [or that] the sentence is otherwise contrary to law." R.C. 2953.08(G)(2).

{¶8} As explained in *State v. Moore*, 8th Dist. Cuyahoga No. 99788, 2014-Ohio-819, ¶ 14:

> We are limited to reviewing whether Moore's sentence is clearly and convincingly contrary to law under the overriding understanding that the

sentencing range is determined by the legislature and any sentence imposed within that range, after considering all the sentencing factors, is presumptively valid. *State v. Collier*, 8th Dist. Cuyahoga No. 95572, 2011-Ohio-2791, ¶ 15, citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. A sentence, therefore, is not clearly and convincingly contrary to law where the trial court: (1) considers the purposes and principles of sentencing under R.C. 2929.11, including consistency in sentencing; (2) considers the seriousness and recidivism factors listed in R.C. 2929.12; (3) properly applies postrelease control; and (4) sentences a defendant within the permissible statutory range. *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 10[.]

Sentencing

**{¶9}** The defendant asserts that the sentence is erroneous because the trial court did not make specific findings in accordance with R.C. 2929.11 and R.C. 2929.12.

**{¶10}** In imposing a sentence, the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the serious and recidivism factors set forth in R.C. 2929.12.

**{¶11}** In accordance with R.C. 2929.11, a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing: (1) "to protect the public from future crime by the offender and others"; and (2) "to punish

the offender using the minimum sanctions that the court determines accomplish those purposes." R.C. 2929.11(A).

{¶12} Under R.C. 2929.12(A), trial courts must consider a nonexhaustive list of factors, including the seriousness of the defendant's conduct, the likelihood of recidivism, and "any other factors that are relevant to achieving those purposes and principles of sentencing."

{¶13} The sentencing court is not required, however, to engage in any factual findings under R.C. 2929.11 or 2929.12. *State v. Bement*, 8th Dist. Cuyahoga No. 99914, 2013-Ohio-5437, ¶ 17; *State v. Combs*, 8th Dist. Cuyahoga No. 99852, 2014-Ohio-497, ¶ 52. While trial courts must carefully consider the statutes that apply to every felony case, it is not necessary for the trial court to articulate its consideration of each individual factor as long as it is evident from the record that the principles of sentencing were considered. *State v. Roberts*, 8th Dist. Cuyahoga No. 89236, 2008-Ohio-1942, ¶ 10. Instead, the trial court still has the discretion to determine whether the sentence satisfies the overriding purpose of Ohio's sentencing structure. *Bement* at ¶ 17, citing *State v. Jones*, 12th Dist. Butler No. CA2012-03-049, 2013-Ohio-150, ¶ 49.

{¶14} In this matter, the trial court sentenced the defendant to seven years in prison for felonious assault in addition to one year consecutive for the firearm specification. The statutory range for felonious assault, a second-degree felony, is from two to eight years. *See* R.C. 2929.14(A)(2). The sentence is within the permissible statutory range.

**{¶15}** In this matter, the trial court stated:

When it comes to the recidivism factors, the last time that a risk assessment was done of your client, before this case even came up, he was already considered by the tool that was used by the probation department to be a high risk of reoffending. He has a lengthy record. He has a history of violence. He repeatedly has violated supervision, I think every single time it's been imposed. Judges have really worked with him, including placing him on what was formerly called the MDO unit. Sending him for residential treatment where he would abscond, supervision where he wouldn't report. And I'm talking noncompliance in cases, approximately half a dozen times more or less. And then I'm required to consider the seriousness — We've got somebody shot multiple times who is suffering.

* * *

And if it's his intoxication that leads to it, that doesn't help. He's had those issues for years and judges have tried and tried and tried and tried, even when he wasn't, to work with him. That's his problem.

THE DEFENDANT: I'm sorry that Mr. Hobbs got shot that night.

THE COURT: I'm sorry he got shot, too. That's different than saying, "I'm sorry I shot you, Mr. Hobbs."

* * *

Okay. Thank you. I will note the last time that you were before a judge was Judge McCormick who also placed you on probation. You violated. He terminated it and incarcerated you.

I have considered the statutory sentencing factors as I mentioned in 2929.11 and 2929.12; and after taking a look at those sentencing factors, I find that your client is a very high risk of reoffending. He said he is sorry, which I guess one may question whether it's genuine or not. At least he said it on the record. I'll give him consideration for that.

When it comes to the seriousness, the Court's required to consider, of course, the impact on a victim; and as the parties agree here, this was a senseless shooting.

The victim asked why this happened. The explanation that was offered was too much intoxication or impairment, a feud, perhaps an exchange of gunfire. It's all bad.

There's nothing here that mitigates against the seriousness of the conduct when it comes to looking at those 2929.12 factors. An innocent victim trying to help out, be a middleman, gets shot, could have certainly been killed, bled out. * * *. You've got a record. You don't do well on supervision.

**{¶16}** On the record and in open court, the trial court clearly stated that it considered the statutory sentencing factors in R.C. 2929.11 and 2929.12. In its journal entry the court also stated that it considered all required factors of the law. This is sufficient to fulfill its obligations under the sentencing statutes. *See State v. Clayton*, 8th Dist. Cuyahoga No. 99700, 2014-Ohio-112, ¶ 9; *State v. Kamleh*, 8th Dist. Cuyahoga No. 97092, 2012-Ohio-2061, ¶ 61. It is not necessary for the trial court to articulate its consideration of each individual factor as long as it is evident from the record that the principles of sentencing were considered. *State v. Roberts*, 8th Dist. Cuyahoga No. 89236, 2008-Ohio-1942, ¶ 10.

**{¶17}** The defendant insists that the sentence is erroneous because the trial court failed to consider his impaired functioning and substance abuse issues when it fashioned the sentence.

**{¶18}** We note, however, that the trial court is not obligated, in the exercise of its discretion, to give any particular weight or consideration to any sentencing factor. *State*

*v. Holin*, 174 Ohio App.3d 1, 2007-Ohio-6255, 880 N.E.2d 515, ¶ 34 (11th Dist.); *State v. Suarez*, 11th Dist. Geauga 2013-G-3167, 2014-Ohio-1350, ¶ 16. Moreover, the fact that the trial court weighed the various sentencing factors differently than the manner urged by the defendant is not sufficient to establish an abuse of discretion. *State v. Paul*, 12th Dist. Fayette No. CA2011-10-026, 2012-Ohio-3205, ¶ 29; *State v. Lane*, 12th Dist. Butler No. CA2013-05-074, 2014-Ohio-562, ¶ 29.

{¶19} In any event, the record clearly indicates that the trial court did address the issues of defendant's impaired functioning and substance abuse because it referred defendant for competency and sanity evaluations on December 21, 2012. Following the receipt of this report, the court described the clinic's findings report as follows:

> And to sum it up, it sounds like from taking a look at that report, that they felt that your client was not being as helpful as he could, that he was a poor historian, that his responses were vague and that there was some scepticism as to whether they were sincere because of his extensive familiarity with the legal system. Nonetheless, because they really felt that they couldn't make any progress and ultimately terminated the interview, they recommended that a 20 day evaluation be done at North Coast.

{¶20} The trial court then ordered a second referral, a 20-day evaluation, for a followup report. The defendant was again found to be competent and defense counsel stipulated to the report. Moreover, the trial court thoroughly reviewed the probation report. In an extremely thorough review of the record, the court noted that the defendant

has a lengthy prior record, that he had previously been sentenced to community control sanctions, and that he had violated the terms imposed upon him and was then incarcerated. Considering the recidivism factors, the court concluded that the shooting was nothing more than a senseless act, and that the defendant has a high risk of reoffending. Considering the seriousness factors, the court found that the shooting was a senseless act, and that there was nothing in the record to mitigate against the seriousness of the offense. In short, the court thoroughly fulfilled all of its duties according to law, obtained multiple interviews and evaluations of the defendant, and could not have done any more in this matter.

**{¶21}** In accordance with all of the foregoing, the assignment of error is without merit.

**{¶22}** Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

MARY J. BOYLE, A.J., and
EILEEN T. GALLAGHER, J., CONCUR