[Cite as *State v. Glenn*, 2014-Ohio-4084.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100726**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TALBERT GLENN

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-572653-A

**BEFORE:** Stewart, J., E.A. Gallagher, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** September 18, 2014

**ATTORNEY FOR APPELLANT**

Britta M. Barthol
P.O. Box 218
Northfield, OH    44067


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Nicole Ellis
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 9th Floor
Cleveland, OH    44113

MELODY J. STEWART, J.:

**{¶1}** In March 2013, defendant-appellant Talbert Glenn was charged with aggravated burglary — a first-degree felony, and burglary — a second-degree felony, in connection with entering the home of a family while he was intoxicated. Glenn pleaded guilty to attempted burglary, a third-degree felony, and the trial court sentenced him to 36 months in prison. On appeal in his sole assignment of error, Glenn argues that the trial court erred by imposing the maximum sentence and failing to make the required findings under R.C. 2929.11 and 2929.12. Finding no merit to Glenn's arguments, we affirm the trial court's judgment.

**{¶2}** We review felony sentences under the standard set forth in R.C. 2953.08(G)(2). This provision states in pertinent part:

> The court hearing an appeal * * * shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

**{¶3}** Generally, a defendant's prison sentence is not contrary to law when the sentence is within the permissible range, and the court's journal entry states that it "considered all required factors of the law" and "finds that prison is consistent with the purposes of R.C. 2929.11." *State v. May*, 8th Dist. Cuyahoga No. 99064, 2013-Ohio-2697, ¶ 16. Any sentence imposed within that range, after considering all the sentencing factors, is presumptively valid. *State v. Collier*, 8th Dist. Cuyahoga No. 95572, 2011-Ohio-2791, ¶ 15, citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.

**{¶4}** Under R.C. 2929.14(A)(3)(b), the prison term that the court may impose for a third-degree felony conviction is 9, 12, 18, 24, 30, or 36-months. Glenn's sentence is within the statutory range. Therefore, his sentence is presumptively valid.

**{¶5}** R.C. 2929.11 states that the overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. *See* R.C. 2929.11(A). R.C. 2929.12 gives the court discretion to determine the most effective way to comply with these overriding purposes when imposing a sentence. However, in exercising this discretion, the court must consider factors relating to the seriousness of the offender's conduct and factors relating to the likelihood of recidivism, along with any other factors that are relevant to achieving the purposes and principles of sentencing.

**{¶6}** Glenn asserts that when the court sentenced him, it did not consider the principles and purposes of sentencing or the seriousness and recidivism factors. Specifically, he argues that the court failed to consider the level of seriousness of his crime and did not note that the sentence imposed was necessary to protect the public from future crimes. Glenn further argues that the court failed to find that the sentence imposed was not disproportionate to the crime committed and that the court did not specify why community control sanctions were not appropriate under the circumstances. Glenn believes that the court should have considered as factors mitigating his conduct his mental health and substance abuse issues. Finally, Glenn states that the trial court should have considered the fact that he has the support of family members who would help him manage his substance abuse issues.

**{¶7}** At sentencing, the court stated, "[a]ll right. The court has considered all this information, all the principles and purposes of felony sentencing, all the appropriate recidivism and seriousness factors." This statement is also reflected in the court's journal entry. We have found that the trial court satisfies its duty under the statutes by indicating that it has considered the relevant sentencing factors. *State v. Saunders*, 8th Dist. Cuyahoga No. 98379, 2013-Ohio-490, ¶ 4. The court need not go through each factor on the record. The court must only acknowledge that it has complied with its statutory duty to consider the factors and no further elaboration is required. *State v. Pickens*, 8th Dist. Cuyahoga No. 89658, 2008-Ohio-1407, ¶ 6.

**{¶8}** What Glenn is actually arguing is that the court did not give enough weight to mitigating factors such as his drug and alcohol abuse prior to imposing sentence. This argument fails because the trial court is not obligated to give any particular weight or consideration to any sentencing factor. *State v. Wright*, 8th Dist. Cuyahoga No. 100433, 2014-Ohio-3230, _ 18.

**{¶9}** In *Wright*, the defendant argued that his sentence was improper because the trial court failed to consider his impaired functioning and substance abuse issues at sentencing. We rejected this argument and affirmed the sentence finding that an argument that the court weighed the various sentencing factors differently than the manner urged by the defendant was insufficient to support a finding that the sentence was improper. *Id*.

**{¶10}** Furthermore, Glenn's argument that the court did not make the statutory considerations prior to sentencing is belied by the record. The court reviewed his presentence investigation report and heard from Glenn's mother and grandmother. They spoke to the court about Glenn's mental health and substance abuse and asked for leniency. The court also heard from one of the victims impacted by Glenn's conduct. She told the court that her son has nightmares about the incident and that certain items in her home that were damaged cannot be replaced. The victim also told the court that she had been receiving threatening telephone calls since the incident.

**{¶11}** The court noted that Glenn accepted responsibility for his actions but determined that he was not amenable to community control sanctions. Furthermore, the

court stated that it would consider judicial release after the appropriate statutory time of incarceration if Glenn was on good behavior while in prison and took advantage of the rehabilitation programs offered.

{¶12} The record shows that the court fulfilled its obligations under both R.C. 2929.11 and 2929.12. Glenn's sentence is, therefore, not contrary to law.

{¶13} Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MELODY J. STEWART, JUDGE

EILEEN A. GALLAGHER, P.J., and
EILEEN T. GALLAGHER, J., CONCUR