[Cite as *State v. Elliott*, 2015-Ohio-3766.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.    102226

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LA ROSCOE D. ELLIOTT

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No.    CR-14-587806-A

**BEFORE:**    Boyle, J., E.A. Gallagher, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:**    September 17, 2015

**ATTORNEY FOR APPELLANT**

J. Philip Calabrese
Porter Wright Morris & Arthur
950 Main Avenue, Suite 500
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J.    McGinty
Cuyahoga County Prosecutor
BY: Glen Ramdhan
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY J. BOYLE, J.:

{¶1} Defendant-appellant, La Roscoe D. Elliott, appeals his conviction and sentence for intimidation, tampering with evidence, and drug possession. We affirm.

Procedural History and Facts

{¶2} In August 2014, Elliott was indicted on five counts: two counts of intimidation, a violation of R.C. 2921.03(A); tampering with evidence, a violation of R.C. 2921.12(A)(1); possessing criminal tools, a violation of R.C. 2923.24(A); and drug possession, a violation of R.C. 2925.11(A). The possessing criminal tools and drug possession counts carried forfeiture clauses for a cell phone and $466. The allegations supporting the charges were that on July 24, 2014, Elliott verbally threatened Det. Schroeder at the Justice Center in Cleveland, Ohio. It was further alleged that Elliott possessed suspected heroin and attempted to swallow all of the heroin upon recovery. Elliott pleaded not guilty to the charges.

{¶3} In October 2014, a week before his trial date, Elliott and the state reached a plea agreement wherein the state agreed to dismiss one of the intimidation counts and the possession of criminal tools account in exchange for Elliott pleading guilty to the remaining charges of the indictment. After fully complying with Crim.R. 11 and advising Elliott of his statutory and constitutional rights, the trial court accepted Elliott's guilty plea to intimidation, tampering with evidence, and drug possession. Upon the state's motion, the remainder of the counts were nolled.

{¶4} Prior to accepting Elliott's plea, the trial court inquired whether Elliott was taking any prescribed medications. Elliott responded that he was supposed to be taking medication for his schizophrenia but has not for "like two months," since being in jail. The trial court further inquired as to Elliott's symptoms of his schizophrenia, which he responded, "Just loud outbursts, but I be okay freely. It's under pressure." The trial judge responded by requesting Elliott to interrupt him if at any point Elliott did not understand something, indicating that the court would explain it at that time, which Elliott responded that he would. The trial judge also specifically asked Elliott if he was satisfied with his attorney, which he indicated that he was. Elliott also specifically indicated that pleading guilty was his "own choice" and that he was not being pressured to do so. The trial court next accepted Elliott's guilty plea and found him guilty on the amended charges.

{¶5} Following the acceptance of Elliott's guilty plea, the trial court proceeded immediately to sentencing. The prosecutor urged the trial court to impose a prison term, highlighting the facts of the underlying charges as well as Elliott's prior criminal convictions, which included weapons charges in 2012 and 2013; aggravated burglary in 2008; prior drug possessions and failures to comply in 2008; drug trafficking in 2007; and an aggravated robbery as a juvenile.

{¶6} Conversely, defense counsel requested the court to consider community control sanctions. Defense counsel further requested, in the alternative, that the trial

court impose concurrent sentences if the court found that a term of incarceration was necessary.

{¶7} The trial court ultimately imposed a total prison term of three years. Specifically, the court imposed three years on Count 1 for intimidation; three years on Count 2 for tampering with evidence; and 11 months on Count 5 for drug possession but ordered that all three counts be run concurrently. The court further informed Elliott that he was subject to three years postrelease control.

{¶8} Following the imposition of Elliott's sentence and after Elliott's counsel indicated that he did not need to place anything on the record, Elliott blurted out two questions: (1) "Can I file for appeal?" — which the trial court answered affirmatively, and (2) "Can I take my plea back or something? You gave me three years? I didn't do nothing." The trial court did not respond to the second question, thanking the sheriff and ordering Elliott remanded for transport to prison.

{¶9} Elliott appeals, raising the following two assignments of error:

I. The trial court erred by accepting Defendant's plea of guilty to offenses that arise out of a warrantless stop and arrest unsupported by probable cause or reasonable suspicion.

II. Defendant's conviction and sentence violate the federal Constitution, the Ohio Constitution, and state law, and the trial court erred by not addressing Defendant's request at sentencing to withdraw his guilty plea.

{¶10} Although Elliott assigns only two assignments of error, his second assignment of error contains several subparts that Elliott separately raises as grounds for

reversal.   For ease of discussion, we will treat these subparts as assignments of error and address them accordingly.

### Guilty Plea

**{¶11}** "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily.   Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution."   *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996).

**{¶12}** Crim.R. 11(C)(2) requires a court, prior to accepting a guilty plea, to address the defendant personally; the court must specify each of the constitutional rights the defendant is waiving by entering his plea, and, further, must determine, in pertinent part, that "he is making the plea voluntarily, with an understanding of the nature of the charge and the maximum penalty involved," that "he understands the effect of his plea of guilty" and that he understands the court "may proceed to judgment and sentence."   *See State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621.

### No Probable Cause or Reasonable Suspicion to Stop and Arrest

**{¶13}** In his first assignment of error, Elliott argues that his conviction must be reversed because it is "based on a stop and arrest for which there is no probable cause or reasonable suspicion."   Although Elliott never challenged the stop and arrest below, he urges this court to apply the plain error doctrine and reverse his conviction.

{¶14} Aside from never raising this argument below in a motion to suppress, Elliott pleaded guilty in this case. It is well settled that "a guilty plea waives all non-jurisdictional defects (other than errors affecting the validity of the guilty plea) in the prior proceedings." *State v. Moore*, 2d Dist. Montgomery No. 22365, 2008-Ohio-4322, ¶ 12, citing *State v. Fitzpatrick*, 102 Ohio St.3d 321, 2004-Ohio-3167, 810 N.E.2d 927, ¶ 78. Stated differently, "'a guilty plea waives all appealable errors except for a challenge as to whether the defendant made a knowing, intelligent and voluntary acceptance of the plea.'" *State v. Robinson*, 4th Dist. Lawrence No. 13CA18, 2015-Ohio-2635, ¶ 45, quoting *State v. Patterson*, 5th Dist. Muskingum No. CT2012-0029, 2012-Ohio-5600, ¶ 30.

{¶15} Elliott's argument as to the underlying stop and arrest is unrelated to his guilty plea and therefore provides no basis to reverse his conviction. Indeed, as noted by the Second Appellate District, "even if [defendant] had filed a motion to suppress, and had it overruled by the trial court, his guilty plea would have waived any error in the disposition of his motion to suppress." *Moore* at ¶ 12.

{¶16} We likewise find no merit to Elliott's claim that the trial court committed plain error in failing to, sua sponte, suppress any evidence arising out of his detention and arrest.

{¶17} The first assignment of error is overruled.

Competency to Enter a Plea

**{¶18}** In his second assignment of error, Elliott argues he was incompetent at the time of his plea, thereby rendering his plea void. He further contends that the trial court should have held a competency hearing, sua sponte, prior to accepting any plea.

**{¶19}** The standard for determining competence to enter a guilty plea is the same as the standard for determining competence to stand trial. *State v. Mink*, 101 Ohio St.3d 350, 2004-Ohio-1580, 805 N.E.2d 1064, ¶ 57, citing *Godinez v. Moran*, 509 U.S. 389, 399, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993). The United States Supreme Court has defined the test for competence to stand trial (or to plead guilty) is whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960).

**{¶20}** "Consistent with the notions of fundamental fairness and due process, a criminal defendant who is incompetent may not be tried or convicted." *State v. Harris*, 142 Ohio St.3d 211, 2015-Ohio-166, 28 N.E.3d 1256, ¶ 16, citing *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966); *State v. Berry*, 72 Ohio St.3d 354, 359, 650 N.E.2d 433 (1995). Likewise, the conviction of a defendant who is not competent to enter a plea violates due process of law. *See State v. Skatzes*, 104 Ohio St.3d 195, 2004-Ohio-6391, 819 N.E.2d 215, ¶ 155. A defendant, however, is presumed competent to enter a guilty plea in the absence of any evidence rebutting the presumption. *State v.*

*Pigge*, 4th Dist. Ross No. 09CA3136, 2010-Ohio-6541, ¶ 28, citing R.C. 2945.37(G), and *State v. Were*, 118 Ohio St.3d 448, 2008-Ohio-2762, 890 N.E.2d 263, ¶ 45.

{¶21} R.C. 2945.37 provides that if the issue of a defendant's competency is raised before trial, a trial court must conduct a competency hearing, but if the issue is raised after the trial has begun, the court must only hold a hearing for "good cause shown." *State v. Beck*, 1st Dist. Hamilton Nos. C-020432, C-020449, and C-030062, 2003-Ohio-5838, ¶ 11. Aside from the statutory requirement, the Ohio Supreme Court has recognized that "an evidentiary competency hearing is constitutionally required whenever there are sufficient indicia of incompetency to call into doubt defendant's competency to stand trial." *State v. Were*, 94 Ohio St.3d 173, 2002-Ohio-481, 761 N.E.2d 591, paragraph two of the syllabus, following *State v. Berry*, 72 Ohio St.3d 354, 650 N.E.2d 433 (1995) (The right to a competency hearing "rises to the level of a constitutional guarantee where the record contains 'sufficient indicia of incompetence,' such that an inquiry * * * is necessary to ensure the defendant's right to a fair trial.").

{¶22} According to Elliott, once the trial court learned that he had schizophrenia and that he had not been taking his medication, the trial court, sua sponte, should have conducted a competency hearing. He further argues that his statement that "he did not understand he could receive a sentence including a term of imprisonment reflects his incompetence to enter a plea." We find these arguments to lack merit.

{¶23} The record in this case does not reflect "sufficient indicia of incompetence" to have required the trial court to conduct a competency hearing. First, as observed by the Ohio Supreme Court, mental illness is not necessarily legal incompetency. *Berry* at syllabus. Indeed, "[a] defendant may be emotionally disturbed or even psychotic and still be capable of understanding the charges against him and of assisting his counsel." *State v. Bock*, 28 Ohio St.3d 108, 110, 502 N.E.2d 1016 (1986). Here, the trial court specifically inquired as to Elliott's symptoms associated with schizophrenia — none of which indicated an inability to understand the charges against him and to assist his counsel. Additionally, the record does not reflect anything out of the ordinary in Elliott's behavior and demeanor in the courtroom, and his counsel at no point suggested that Elliott was unable to assist in the defense. *See State v. McCoy,* 5th Dist. Muskingum No. CT 2008 0020, 2009-Ohio-4284 (diagnosis of mild mental retardation does not warrant a sua sponte competency hearing when nothing in the record suggests that appellant did not understand the nature and objective of the proceedings against him or that he was unable to assist in his defense).

{¶24} We further find no evidence in the record to support Elliott's claim that "he did not understand he could receive a sentence including a term of imprisonment." Elliott relies on an affidavit attached to his motion for an untimely appeal and his remark at the conclusion of the sentencing hearing in support of this claim. The affidavit, however, was not part of the proceedings in the trial court and therefore cannot be

properly considered in a direct appeal to support Elliott's claim. *State v. Geraci*, 8th Dist. Cuyahoga Nos. 101946 and 101947, 2015-Ohio-2699, ¶ 7, fn. 2. Additionally, the trial court expressly explained to Elliott that he could be sentenced to a maximum of 36 months in prison on the third-degree felonies, which Elliott indicated that he understood. We do not agree that Elliott's remark, "You gave me three years" at the end of the proceedings, is indicative that he did not understand the proceedings. His apparent disappointment in the sentence does not equate to his being incompetent to understand the proceedings.

{¶25} The second assignment of error is overruled.

<u>Ineffective Assistance of Trial Counsel</u>

{¶26} In his third assignment of error, Elliott argues that "this court should set aside [his] guilty plea and sentence due to the ineffective assistance of his trial counsel." He broadly asserts that the ineffective assistance of counsel rendered his plea involuntary.

{¶27} Reversal of a conviction for ineffective assistance of counsel requires a defendant to show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *State v. Smith*, 89 Ohio St.3d 323, 327, 731 N.E.2d 645 (2000), citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Defense counsel's performance must fall below an objective standard of reasonableness to be deficient in terms of ineffective assistance of counsel. *See State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989). Moreover, the

defendant must show that there exists a reasonable probability that, were it not for counsel's errors, the results of the proceeding would have been different. *State v. White*, 82 Ohio St.3d 16, 23, 693 N.E.2d 772 (1998).

{¶28} To establish ineffective assistance of counsel, a defendant must show (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that but for counsel's errors, the proceeding's result would have been different. *Strickland* at 687-688, 694; *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus.

{¶29} In evaluating a claim of ineffective assistance of counsel, a court must give great deference to counsel's performance. *Strickland,* 466 U.S. at 689. "A reviewing court will strongly presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *State v. Pawlak*, 8th Dist. Cuyahoga No. 99555, 2014-Ohio-2175, ¶ 69.

*1. Failing to File a Motion to Suppress and Take Case to Trial*

{¶30} Elliott first argues that his trial counsel was deficient in failing to file a motion to suppress. Relying on the same arguments raised in his first assignment of error, Elliott contends that a motion to suppress would have been successful, thereby "obviating the need for a plea." This argument, however, applies the wrong standard and

ignores that Elliott pleaded guilty to the charges. It is well settled that when a defendant has entered a guilty plea,

> "the defendant must show that there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial. The mere fact that, if not for the alleged ineffective assistance of counsel, the defendant would not have entered a guilty plea is not sufficient to establish the necessary connection between ineffective assistance and the plea. Ineffective assistance will only be found to have affected the validity of plea when it precluded defendant from entering the plea knowingly and voluntarily. The relevant inquiry is not whether defendant ultimately would have prevailed at trial, but whether defendant would have pled guilty if properly advised by counsel."

*State v. Neu*, 4th Dist. Adams No. 12CA942, 2013-Ohio-616, ¶ 16, quoting 25 Ohio Jurisprudence 3d, Criminal Law: Procedure, Section 78 (2011). As explained above, "'a defendant who pleads guilty generally waives the right to make allegations of ineffective assistance of counsel * * * for failure to move for suppression unless he alleges that the error caused the plea to be less than knowing, voluntary, and intelligent.'" *State v. Arnold*, 2d Dist. Clark Nos. 2014-CA-23, 2014-CA-24, 2014-CA-25, and 2014-CA-26, 2015-Ohio-1580, ¶ 10, quoting *State v. Jackson*, 7th Dist. Mahoning No. 13 MA 121, 2014-Ohio-2249, ¶ 17. *See also State v. Taylor*, 8th Dist. Cuyahoga No. 97798, 2012-Ohio-5065, ¶ 11.

**{¶31}** Here, Elliott's argument as to his counsel failing to file a motion to suppress does not support a claim that his guilty plea was less than knowingly, intelligently, and voluntarily made. Additionally, the other deficiencies alleged by Elliott — that his trial counsel failed to pursue available defenses and failed to test the sufficiency of the

prosecutor's case by taking it to trial — are completely unrelated to his plea. These claims provide no grounds for an ineffective assistance of counsel claim. *See Arnold* at ¶ 9 ("since none of the charges against [defendant] went to trial, his trial counsel never even had the opportunity to present or attack any evidence or witnesses[;] * * *[defendant's] claim that counsel provided deficient performance in failing to do these things is clearly without merit").

*2. No Benefit from the Plea*

{¶32} Elliott argues that his trial counsel was ineffective because he received no benefit from his plea. According to Elliott, trial counsel advised him to plead guilty without a plea agreement and that, based on the sentence that Elliott received, he "had nothing to lose by going to trial."

{¶33} Ohio courts have recognized that "'[a]n attorney, who advises his client to plead guilty as charged when the client receives no benefit at all in exchange therefore, could possibly be deemed to have failed in his duty to competently represent his client.'" *State v. Orleans*, 7th Dist. Mahoning No. 07-MA-175, 2008-Ohio-5937, citing *State v. Underwood*, 4th Dist. Meigs No. 98CA11, 1999 Ohio App. LEXIS 2234 (May 7, 1999). However, "the benefit a defendant receives as a result of pleading guilty is not necessarily reflected by the penalty ultimately imposed on him." *Underwood*, citing *State v. Spivey*, 81 Ohio St.3d 405, 692 N.E.2d 151 (1998). Instead, courts should consider "the totality

of the circumstances surrounding the plea in determining whether the appellant received any benefit in exchange for the plea." *Id.*

**{¶34}** We find Elliott's argument unsupported by the record. First, Elliott's trial counsel reached a plea agreement wherein the state agreed to dismiss two of the charges of the indictment in exchange for his guilty plea. Further, the record reveals that the trial court imposed a concurrent sentence upon Elliott, consistent with his counsel's request not to impose a consecutive sentence. Thus, we find no basis to Elliott's claim that he received no benefit from the plea agreement based on his trial counsel's performance.

*3. Breakdown in Communication*

**{¶35}** Elliott also argues that a breakdown in communication between himself and his attorney rendered his plea not voluntarily and knowingly made. Specifically, he claims that his trial counsel informed him that he was receiving probation in exchange for his plea. In support of this claim, Elliott relies on evidence outside of the record — an affidavit that he filed in support of his delayed appeal. Such evidence is not properly considered on a direct appeal. *Geraci*, 8th Dist. Cuyahoga Nos. 101946 and 101947, 2015-Ohio-2699, ¶ 7, fn. 2, citing *State v. Johnson*, 2015-Ohio-96, 27 N.E.3d 9, ¶ 53 (8th Dist.) (ineffective assistance of counsel claim that would require proof outside of the record "'is not appropriately considered on a direct appeal'"), quoting *State v. Madrigal*, 87 Ohio St.3d 378, 391, 721 N.E.2d 52 (2000); *see also State v. Woody*, 8th Dist. Cuyahoga No. 99774, 2014-Ohio-302, ¶ 13 (where issues could not have been

raised on direct appeal because they relied on matters outside the record, they were properly the subject of a postconviction motion to withdraw guilty plea).

{¶36} Based on the record before us, we fail to see any breakdown in communication to support Elliott's claim. Aside from Elliott expressly indicating that he understood that he may be sentenced up to 36 months on each of the third-degree felonies, he further indicated that he was satisfied with his trial counsel's representation. He additionally indicated that he had not been pressured to enter the plea and that it was his own choice to do so.

{¶37} Having found that Elliott failed to establish the initial prong of deficient performance, we find no merit to his ineffective assistance of counsel claim. The third assignment of error is overruled.

<u>Extraordinary Circumstances Warrant Withdrawal of Plea</u>

{¶38} In his fourth assignment of error, Elliott argues that "the extraordinary circumstances in this case, including the trial court's failure to give any consideration to defendant's motion, defendant's competency, and counsel's ineffective assistance, require withdrawal of the guilty plea." We find no merit to this argument.

{¶39} Aside from Elliott never filing a motion to withdraw his guilty plea, we have already found no merit to his claims of incompetency and ineffective assistance of counsel. Accordingly, we overrule the fourth assignment of error.

<u>Sentence</u>

{¶40} In his final assignment of error, Elliott argues that his sentence is contrary to law because the trial court failed "to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." We disagree.

{¶41} The trial court has the full discretion to impose any term of imprisonment within the statutory range, but it must consider the sentencing purposes in R.C. 2929.11 and the guidelines contained in R.C. 2929.12. *State v. Holmes*, 8th Dist. Cuyahoga No. 99783, 2014-Ohio-603, ¶ 8.

{¶42} R.C. 2929.11(A) provides that a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing: (1) "to protect the public from future crime by the offender and others," and (2) "to punish the offender using the minimum sanctions that the court determines accomplish those purposes." The sentence imposed shall also be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶43} Under R.C. 2929.12(A), the court must consider a nonexhaustive list of mitigating and aggravating factors and "any other factors that are relevant to achieving those purposes and principles of sentencing."

**{¶44}** R.C. 2929.11 and 2929.12, however, are not fact-finding statutes. *State v. Wright*, 8th Dist. Cuyahoga No. 100433, 2014-Ohio-3230, ¶ 13. "While trial courts must carefully consider the statutes that apply to every felony case, it is not necessary for the trial court to articulate its consideration of each individual factor as long as it is evident from the record that the principles of sentencing were considered." *Id.*, citing *State v. Roberts*, 8th Dist. Cuyahoga No. 89236, 2008-Ohio-1942, ¶ 10. Indeed, "we may presume a trial court has considered these factors absent an affirmative demonstration by a defendant to the contrary." *Holmes,* 8th Dist. Cuyahoga No. 99783, 2014-Ohio-603, at ¶ 8. Ultimately, the trial court possesses the discretion to determine whether the sentence satisfies the overriding purpose of Ohio's sentencing structure. *Wright* at ¶ 13.

**{¶45}** Here, the record demonstrates that the trial court properly considered and applied R.C. 2929.11 and 2929.12 in imposing Elliott's sentence. Aside from expressly stating that it had, the trial court also indicated as much in its written journal entry. *See State v. Clayton*, 8th Dist. Cuyahoga No. 99700, 2014-Ohio-112, ¶ 9 ("trial court's statement that it considered the required statutory factors [in the journal entry], without more, is sufficient to fulfill its obligations under the sentencing statutes").

**{¶46}** As for Elliott's claim that the trial court should have considered the unlawfulness of the stop and arrest that precipitated the offenses, we find this argument

misplaced.   Elliott pleaded guilty to the charges, and there is no evidence in the record to support this proposition.

**{¶47}** We find no basis to conclude that Elliott's sentence is contrary to law and, therefore, overrule the final assignment of error.

**{¶48}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.     The defendant's conviction having been affirmed, any bail pending appeal is terminated.   Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, JUDGE

EILEEN A.   GALLAGHER, P.J., and
MARY EILEEN KILBANE, J., CONCUR